COMMONWEALTH of Pennsylvania,
Appellee,

v.

Stanley Maurice TREADWELL,
Jr., Appellant.

Superior Court of Pennsylvania.

Submitted June 19, 2006.

Filed Nov. 16, 2006.

Scott Coffey, Pittsburgh, for appellant.

Michael W. Streily, Deputy Dist. Atty., Pittsburgh, for Com., appellee.

BEFORE: FORD ELLIOTT, P.J., McCAFFERY and KELLY, JJ.

OPINION BY KELLY, J.:

¶ 1 Appellant, Stanley Maurice Tread-well, Jr., appeals from the order entered in the Allegheny County Court of Common Pleas, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA).[1] We hold that probation does not qualify as confinement under Pennsylvania Rule of Evidence 609. Accordingly, we affirm.

¶ 2 The trial court aptly summarizes the pertinent facts of this case as follows:

This case involved the fatal shooting of the victim, Dumeir Walker, a known drug dealer, on the street outside of a shop, while he was accompanied by his two children and a friend. The key issue was identification of the perpetrator, who fled the scene after the shooting. [Appellant was charged, but] did not testify and was proceeding under an alibi defense but did not put on any alibi witnesses.

Three witnesses made out of court identifications of [Appellant]. The first was Michael Stevenson, the victim's companion who was with him when he was shot. Mr. Stevenson gave a statement to the police on the night of the shooting that he would be able to identify the shooter if he saw him again, and when later shown a set of six photographs, positively identified [Appellant] as the shooter. . . .

The second witness was a PAT bus driver who heard the shooting and observed the shooter run in front of his bus, putting a gun into the waistband of his pants, going into an alley, getting into a Ford Bronco and driving away. . . .

The third person who positively identified [Appellant] from the six photos was William Jackson, otherwise known as Moon, who had engaged as a middleman in a drug transaction between [Appellant] and the victim on the afternoon of the shooting. . . .

(Trial Ct. Op., 1/21/03, at 2–3) (internal citations omitted).

¶ 3 On May 15, 2002, a jury convicted Appellant of first-degree murder,[2] and he was subsequently sentenced to a term of life imprisonment. Appellant filed a direct appeal, and on February 5, 2004, this

1.  42 Pa.C.S.A. §§ 9541–9546.

2.  18 Pa.C.S.A. § 2502(a).

Court affirmed the judgment of sentence. Appellant thereafter filed a timely PCRA petition, which was dismissed by the PCRA court on November 28, 2005. This timely appeal followed.

¶ 4 Appellant raises these issues for our review:

DID THE TRIAL COURT ERR IN DENYING APPELLANT'S PCRA PETITION SINCE TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO IMPEACH KEY COMMONWEALTH WITNESS MICHAEL STEVENSON REGARDING *CRIMEN FALSI* CONVICTIONS, AND FOR FAILING TO REQUEST A *CRIMEN FALSI* JURY INSTRUCTION REGARDING THE TRIAL TESTIMONY OF MR. STEVENSON, WHO WAS THE ONLY WITNESS TO IDENTIFY APPELLANT AS THE SHOOTER? ALL SUBSEQUENT COUNSEL WERE INEFFECTIVE FOR FAILING TO RAISE THESE CLAIMS.

(Appellant's Brief at 3).

■■■ ¶ 5 Appellant presents a layered claim of ineffective appellate counsel, contending that his trial counsel was ineffective for not introducing evidence of Mr. Stevenson's *crimen falsi.* He contends that the *crimen falsi* evidence was admissible because less than ten years passed since Mr. Stevenson's probationary term ended for those convictions. Thus, he also avers, appellate counsel was ineffective for failing to raise this claim. We disagree.

■■ ¶ 6 "Our standard of review for an order denying post-conviction relief looks to whether the PCRA court's determination is supported by the record and whether it is free of legal error." *Commonwealth v. Kohler,* 811 A.2d 1046, 1051 (Pa.Super.2002). "The findings of the post-conviction court will not be disturbed unless they have no support in the record."

*Commonwealth v. Granberry,* 434 Pa.Super. 524, 644 A.2d 204, 207 (1994) (citations omitted).

¶ 7 The standard applicable to ineffective assistance of counsel claims is well-settled:

To prevail on a claim that counsel was constitutionally ineffective, the appellant must overcome the presumption of competence by showing that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different. A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. The standard applicable to claims of ineffective assistance of counsel raised on direct appeal is the same as that applied to such claims raised under the PCRA.

*Commonwealth v. Bromley,* 862 A.2d 598, 606 (Pa.Super.2004), *appeal denied,* 584 Pa. 684, 881 A.2d 818 (2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 1089, 163 L.Ed.2d 863 (2006) (internal citations omitted). If the petitioner does not satisfy any of these three prongs, "he will have failed to establish the ineffectiveness of [trial counsel], necessarily defeating the claim that [appellate counsel] was ineffective for failing to raise the ineffectiveness of [trial counsel]." *Commonwealth v. McGill,* 574 Pa. 574, 832 A.2d 1014, 1022–23 (2003).

¶ 8 Pennsylvania Rule of Evidence 609 addresses the admissibility of *crimen falsi* evidence, stating, in pertinent part:

**Rule 609. Impeachment by evidence of conviction of crime**

(a) **General rule.** For the purpose of attacking the credibility of any witness, evidence that the witness has been

convicted of a crime, whether by verdict or by plea of guilty or nolo contendere, shall be admitted if it involved dishonesty or false statement.

**(b) Time limit.** Evidence of a conviction under this rule is **not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction,** whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction substantially outweighs its prejudicial effect. However, evidence of a conviction more than ten years old as calculated herein is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

Pa.R.E. 609 (emphasis added).

¶ 9 Appellant argues that probation qualifies as confinement for purposes of the ten-year time limit in Rule 609(b). On October 24, 1991, Mr. Stevenson pleaded guilty to theft by unlawful taking and receiving stolen property, which are *crimen falsi*, and received a sentence of three years' probation. Mr. Stevenson's conviction occurred more than ten years before Appellant's May 2002 trial, and calculation of the time limit from his conviction date could preclude introduction of the *crimen falsi* evidence under the first prong of Rule 609(b). However, Appellant argues that the ten-year time period began to run when Mr. Stevenson's probation ended in October 1994, and thus the *crimen falsi* convictions should have been admissible seven and one-half years later at Appellant's May 2002 trial.

¶ 10 Rule 609 does not define "confinement," and the Pennsylvania courts have not specifically addressed whether probation qualifies as confinement under this rule. However, we are guided by other relevant sections of our statutes, federal case law, and several of our sister states' determinations. Significantly, the Pennsylvania sentencing guidelines consistently distinguish probation from confinement. *See, e.g.,* 42 Pa.C.S.A. § 9721 (listing alternatives for sentencing, including probation, partial confinement, total confinement, and fine); 42 Pa.C.S.A. § 9722(11) (noting that if confinement would entail excessive hardship to defendant, probation shall be accorded great weight); 42 Pa.C.S.A. § 9754(a) (stating term of probation may not exceed maximum term to which defendant could be confined).

¶ 11 Pennsylvania Rule of Evidence 609(b) was modeled after and differs only slightly from Federal Rule of Evidence 609(b). *Compare* F.R.E. 609(b), *with* Pa. R.E. 609(b).[3] The phrase "supported by specific facts and circumstances," used in the Federal Rule with respect to the balancing of probative value and prejudicial effect, does not appear in the Pennsylvania Rule. *Compare* F.R.E. 609(b), *with* Pa.

---

**3.** Federal Rule of Evidence 609(b) reads:

**(b) Time limit.** Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction **supported by specif-** **ic facts and circumstances** substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

F.R.E. 609(b) (emphasis added).

R.E. 609(b). The relevant text of Federal Rule 609(b) is identical to that of Pennsylvania Rule 609(b). Thus, it is pertinent to note that the federal courts have determined Federal Rule 609(b) does not equate probation or parole with confinement.[4] *See, e.g., United States v. Butch,* 48 F.Supp.2d 453, 464–65 (D.N.J.1999) (stating calculation of ten-year period from "release from confinement" does not include any period of parole and probation), *aff'd,* 256 F.3d 171 (3d Cir.2001); *Bizmark, Inc. v. Kroger Co.,* 994 F.Supp. 726, 728 (W.D.Va.1998) ("The clear import of [*United States v. Gray,* 852 F.2d 136, 139 (4th Cir.1988) ] is that 'release from confinement,' for 609(b) purposes means release from actual imprisonment, and therefore, that neither parole nor probation constitute confinement under the rule."); *United States v. Broncho,* 1995 WL 470868 at *6 (9th Cir. Aug. 9, 1995) (unpublished) (same); *Eng v. Scully,* 146 F.R.D. 74, 78 (S.D.N.Y.1993) (same). *See also United States v. Daniel,* 957 F.2d 162, 168 (5th Cir.1992) (noting case law strongly suggests confinement does not include probationary periods); *Gray, supra* at 139 (same).

¶ 12 When interpreting similarly-worded versions of this rule, several of our sister states have determined that probation and parole do not qualify as confinement. *See, e.g., Lee v. State,* 2 P.3d 517, 526 (Wyo. 2000) (stating parole does not qualify as confinement for calculating ten-year period under rule); *Wilson v. Sico,* 713 A.2d 923, 924 (Del.1998) (stating language of rule forecloses interpretation that "confinement" includes parole and probation); *State v. Dunlap,* 187 Ariz. 441, 930 P.2d 518, 538 (App.1996) (noting probation is not "confinement" under Rule 609(b)), *cert. denied,* 520 U.S. 1275, 117 S.Ct. 2456, 138 L.Ed.2d 214 (1997).[5]

¶ 13 After reviewing the relevant statutory language and the rationale relied upon in other jurisdictions, we agree with the federal courts and our sister states, and conclude that probation does not qualify as confinement under Pennsylvania Rule 609(b). Therefore, because more than ten years elapsed since the date of Mr. Stevenson's conviction, and he was not confined as a result of the conviction, Appellant's trial counsel could not have introduced evidence of Mr. Stevenson's 1991 *crimen falsi* absent a trial court finding that the probative value outweighed the prejudicial effect of the information. *See* Pa.R.E. 609(b). Consequently, counsel cannot be deemed ineffective for failing to request *crimen falsi* jury instructions regarding the testimony of Mr. Stevenson, since it would have been a futile claim. *See Commonwealth v. Groff,* 356 Pa.Super. 477, 514 A.2d 1382, 1386 (1986) (stating counsel will not be deemed ineffective for

---

4. The historical note to [Federal] Rule 609 shows that, prior to 1972, the rule contemplated that the ten-year period should run from "the expiration of the period of his parole, probation, or sentence." This section was amended in 1972, however, and now states that a conviction is not admissible if more than ten years have elapsed since "release from confinement."
*Daniel, supra* at 168. However, Pennsylvania Rule 609 was not enacted until 1998 and has never been revised.

5. We note that Ohio's version of Rule 609 measures the ten-year period from "the date of the conviction or of the release of the witness from the confinement, **or the termination of community control sanctions, post-release control, or probation, shock probation, parole, or shock parole imposed for that conviction....**" Ohio Evid. R. 609(b) (emphasis added). *See also State v. Fluellen,* 88 Ohio App.3d 18, 623 N.E.2d 98, 100–01 (1993). In contrast to Pennsylvania, Ohio Rule 609(b) includes a specific provision for probation or parole, so we do not find Ohio's determinations on this issue persuasive in our analysis.

failing to raise futile claim), *appeal denied,* 515 Pa. 619, 531 A.2d 428 (1987). Because Appellant's underlying claim relating to the impeachment evidence is not of arguable merit, he has failed to establish the ineffectiveness of trial counsel. *See Bromley, supra.* Consequently, his claim that appellate counsel was ineffective for failing to raise the ineffectiveness of trial counsel is also without merit. *See McGill, supra.*

¶ 14 Appellant nonetheless argues that trial counsel was ineffective because he failed to assert the exception that permits the court to admit otherwise inadmissible *crimen falsi* evidence when its probative value outweighs its prejudicial effect. *See* Pa.R.E. 609(b). "We presume that counsel is effective, and it is the burden of Appellant to show otherwise." *Commonwealth v. Stevens,* 559 Pa. 171, 739 A.2d 507, 512 (1999). "[A]n evaluation of counsel's performance is highly deferential, and the reasonableness of counsel's decisions cannot be based upon the distorting effects of hindsight." *Commonwealth v. Basemore,* 560 Pa. 258, 744 A.2d 717, 735 (2000).

¶ 15 A review of the record shows that the Commonwealth pre-emptively raised the issue of Mr. Stevenson's *crimen falsi,* (N.T., 5/13/02, at 163), leaving Appellant's counsel with no obvious benefit from raising it again. Therefore, we determine that there was a reasonable basis for trial counsel's inaction. *See Basemore, supra.* Furthermore, we find that because the Commonwealth informed the jury of Mr. Stevenson's *crimen falsi,*[6] defense counsel's mere failure to re-raise the point did not have a prejudicial effect on the outcome of the proceeding. *See Bromley, supra.* Accordingly, we find Appellant's alternative argument to be without merit. *See id.*

¶ 16 We conclude that probation does not constitute confinement under Rule 609(b). Thus, Appellant's trial counsel was not ineffective because Rule 609 precluded him from introducing *crimen falsi* evidence against Mr. Stevenson, and appellate counsel was not ineffective for declining to raise a claim that trial counsel was ineffective. Accordingly, we find that the PCRA court properly dismissed Appellant's PCRA petition.

¶ 17 Order affirmed.

---

6. The Commonwealth also raised the fact that Mr. Stevenson was on probation for a non-*crimen falsi* conviction and faced pending, drug-related charges at the time of Appellant's trial. (*See* N.T. at 163–64).