J-S32040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TRACEY CAMILLE PINER, | : | |
| | : | |
| Appellant | : | No. 86 WDA 2015 |

Appeal from the PCRA Order entered on December 9, 2014
in the Court of Common Pleas of Blair County,
Criminal Division, No(s):  CP-07-CR-0000680-2012;
CP-07-CR-0002684-2011

BEFORE:  SHOGAN, OLSON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JUNE 03, 2015**

Tracey Camille Piner ("Piner") appeals from the Order denying her Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

In its December 9, 2014 Opinion, the PCRA court summarized the relevant factual and procedural history, which we adopt as though fully restated herein.  PCRA Court Opinion, 12/9/14, at 1-6 (unnumbered).

After an evidentiary hearing, the PCRA court denied Piner's Petition. Thereafter, Piner filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Piner presents the following claims for our review:

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

A. Whether the PCRA Court erred/abused its discretion by failing to find that [Piner's] constitutional rights were violated and PCRA relief [should have been] granted due to the fact that [Piner] was threatened with an unconstitutional mandatory minimum [sentence] during the plea negotiation process?

B. Whether the PCRA Court erred/abused its discretion by failing to find that [Piner's plea] counsel was ineffective, as the record demonstrates [that plea] counsel was ineffective for failing to properly communicate a plea offer?

C. Whether the PCRA Court erred/abused its discretion by failing to find that [Piner's plea] counsel was ineffective, as the record demonstrates [that plea] counsel was ineffective for failing to file a pretrial motion to suppress?

D. Whether the PCRA Court erred/abused its discretion by failing to find that [Piner's plea] counsel was ineffective, as the record demonstrates [that plea] counsel was ineffective for failing to withdraw her guilty plea?

E. Whether the PCRA Court erred/abused its discretion by failing to find that [Piner's plea] counsel was ineffective, as the record demonstrates [that plea] counsel was ineffective for failing to file what would have been a meritorious appeal?

F. Whether the PCRA Court erred/abused its discretion by failing to find [that Piner's] plea was unknowing and involuntary, as the record demonstrates [that] the plea was induced by her prior counsel's ineffectiveness?

G. Whether the PCRA court erred/abused its discretion by failing to allow [Piner] to withdraw her guilty plea, as the evidence adduced at the PCRA hearing showed [that Piner] was medicated at her plea hearing to the extent [that] she did not fully grasp the consequences of her actions?

Brief for Appellant at 4-5.

Piner first claims that the PCRA court improperly denied relief on her claim of ineffective assistance of counsel, which caused her to tender an unknowing and involuntary plea. *Id.* at 9. Piner asserts that, during plea

negotiations, she was threatened with the imposition of a seven-year mandatory minimum sentence for her drug possession charge. *Id.* at 11. Piner states that at the PCRA hearing, "she agreed that she thought she would be subject to that mandatory sentence if she was convicted at trial." *Id.* In addition, Piner asserts, her plea counsel testified that he had communicated to Piner the possible seven-year mandatory minimum sentence. *Id.* According to Piner, the threatened mandatory minimum sentence has since been declared illegal. *Id.* at 12. Therefore, Piner argues, the plea induced by that sentence was unknowing and involuntary, and her counsel rendered ineffective assistance by advising her to accept the plea agreement. *Id.*

An appellate court's standard of review regarding an order denying a PCRA petition is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Kretchmar*, 971 A.2d 1249, 1251 (Pa. Super. 2009). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Treadwell*, 911 A.2d 987, 989 (Pa. Super. 2006).

To be eligible for relief based on a claim of ineffective assistance of counsel, a PCRA petitioner must demonstrate, by a preponderance of the evidence, that (1) the underlying claim is of arguable merit; (2) no reasonable basis existed for counsel's action or omission; and (3) there is a

reasonable probability that the result of the proceeding would have been different absent such error. *Commonwealth v. Hammond*, 953 A.2d 544, 556 (Pa. Super. 2008). A failure to satisfy any prong of this test requires rejection of the claim. *Id.*

In its Opinion, the PCRA court addressed Piner's claim, and concluded that it lacks merit:

> [] Piner has argued that her PCRA [Petition] should be granted and her guilty plea withdrawn due to the fact that she was threatened with a mandatory minimum sentence. The mandatory minimum sentence that would have applied has now been held unconstitutional by *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151, 186 L.Ed. 2d 314 (2013). *Alleyne* has not been held to apply retroactively to cases on collateral review. *Commonwealth v. Miller*, 2014 PA Super 214, [102 A.3d 988, 995] (Pa. Super. 2014). Thus, [] Piner's argument based on *Alleyne* is without merit.

PCRA Court Opinion, 12/9/14, at 6 (unnumbered). We agree with the PCRA court's reasoning and affirm on this basis with regard to Piner's claim. *See id.*

In her second claim, Piner argues that her plea counsel miscommunicated a plea offer from the Commonwealth as a 3-10 year prison term, when, in actuality, the offer was for a prison term of 5-10 years. Brief for Appellant at 12. Piner argues that when she found out the actual plea offer, "she was coerced into accepting, as she was informed by [plea counsel] that she 'didn't have a chance' otherwise." *Id.* at 13 (citation omitted).

The PCRA court addressed this claim, and concluded that it lacks merit. PCRA Court Opinion, 12/9/14, at 7 (unnumbered). In addition, the PCRA court reviewed the evidence regarding the plea deal as follows:

> The letters sent to [] Piner from [her plea counsel] show that he was attempting to negotiate for a three[-]year minimum sentence. The letters also show that once Kenneth Piner began cooperating with the Commonwealth, the possibility of [Piner] getting three years was off the table. In addition, [Piner's plea counsel] advised that the Commonwealth now had additional discovery implicating [] Piner. [Plea counsel] advised that without cooperating[,] the minimum [sentence] she could get in a plea deal was five years. [] Piner testified that she wanted to accept the five to ten[-]year sentence because she wanted to avoid a much longer sentence of about forty-seven years.

*Id.* at 6 (unnumbered). We agree with the PCRA court's reasoning, and its ultimate conclusion that Piner is not entitled to relief. *See id.* at 6, 7. Accordingly, we affirm on the basis of the PCRA court's Opinion with regard to this claim. *See id.*

Piner next claims that her plea counsel rendered ineffective assistance by not filing a motion to suppress evidence derived from wiretaps. Brief for Appellant at 14. Piner argues that she requested that her counsel file a suppression motion, but her counsel responded that "filing pretrial motions would have made it more difficult to deal with the prosecution[,]" and that the wiretap evidence benefitted her defense that "she was begging for drugs" for personal use. *Id.* (citations omitted). Piner argues that had the wiretap evidence been suppressed, there is a reasonable probability that she

would have been acquitted at trial, or had the charges against her dismissed. *Id.*

In its Opinion, the PCRA court addressed Piner's argument and concluded that it lacks merit. PCRA Court Opinion, 12/9/14, at 7-8 (unnumbered). We agree with the sound reasoning of the PCRA court, as stated in its Opinion, and affirm on this basis with regard to Piner's claim. *See id.*

In her fourth and fifth claims, Piner argues that her plea counsel rendered ineffective assistance for failing to file a motion to withdraw her guilty plea, and failing to file a direct appeal. Brief for Appellant at 15. Piner asserts that she wrote to her plea counsel requesting that he file an appeal, within weeks after her sentencing. *Id.* Piner asserts that her counsel had good reason to know of her desire to file an appeal or withdraw her guilty plea. *Id.*

The PCRA court, in its Opinion, set forth the appropriate law, addressed these claims, and concluded that they lack merit. PCRA Court Opinion, 12/9/14, at 8-10 (unnumbered) (addressing Piner's ineffectiveness claim regarding counsel's failure to file a motion to withdraw the guilty plea and appeal). The PCRA court's findings are supported in the record, and its legal conclusions are sound. Accordingly, we affirm on the basis of the PCRA court's Opinion as to these claims. *See id.*

In her sixth claim of error, Piner argues that her plea counsel's ineffectiveness caused Piner to tender an unknowing and involuntary plea. Brief for Appellant at 16. Piner asserts that "the record is replete with examples" of her plea counsel's errors. *Id.* However, in her brief, Piner merely restates her prior assertions of ineffective assistance of counsel, *i.e.*, that she believed that the plea offer was for 3-10 years in prison; she was coerced into accepting the plea deal; and that counsel failed to file a suppression motion. ***See id.*** For the reasons set forth *supra*, Piner's claims are without merit.

In her seventh claim, Piner argues that "[d]ue to mental illness and the effects of medication, [] Piner did not grasp the consequences of [her] decision to plead guilty." ***Id.*** Piner argues that her plea counsel caused her to tender an unknowing and involuntary plea, and prevented the trial court from inquiring into Piner's mental state. ***Id.*** Piner states that she testified that she suffers from bipolar disorder, anxiety and panic disorder. ***Id.*** at 18. Piner also asserts that she was taking Sinequan and Thorazine at the time of the plea hearing, and felt tired, sluggish and "doped up." ***Id.*** In her brief, Piner concedes that she did not inform the court of her mental illness or medications. ***Id.*** However, Piner contends that her plea counsel told her how to answer the written plea colloquy. ***Id.*** Piner argues that because of her plea attorney's counsel in this regard, the true nature of her mental illness, and her inability to comprehend the plea proceedings, were masked.

*Id.* Therefore, Piner claims, her plea cannot be considered to be knowing and voluntary. *Id.*

The PCRA court rejected Piner's claim, concluding that

> [] Piner is bound by the testimony given at the guilty plea hearing under oath. The [PCRA c]ourt found her plea to be voluntary, knowing and intelligent. She specifically testified that she was not under the influence of anything that would affect her ability to take the plea. Several witnesses indicated that she did not appear to be impaired. This argument does not have merit.

PCRA Court Opinion, 12/9/14, at 11 (unnumbered).[2] The PCRA court's findings are supported in the record, and its legal conclusion is sound. *See id.* Accordingly, we affirm on the basis of the PCRA court's Opinion with regard to this claim. *See id.*

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/3/2015

---

[2] We further remind Piner that "[a] defendant is bound by the statements [s]he makes during his plea colloquy, and may not assert grounds for withdrawing the plea that contradict statements made when [s]he pled." *Commonwealth v. Kelly*, 5 A.3d 370, 382 (Pa. Super. 2010) (citation omitted).

Circulated 05/06/2015 09:42 PM

IN THE COURT OF COMMON PLEAS OF BLAIR COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA,

      V.

TRACEY PINER
      DEFENDANT.

:
:
:  2011 CR 2684
:
:  2012 CR 680
:

| | |
|---|---|
| ELIZABETH A. DOYLE | PRESIDING JUDGE |
| CHRISTOPHER SCHMIDT, ESQ. | DEPUTY ATTORNEY GENERAL |
| MATTHEW DOMBROSKY, ESQ. | COUNSEL FOR DEFENDANT |

## AMENDED OPINION AND ORDER

Pursuant to 42 Pa. C.S.A. §5505, the Court issues the following Amended Opinion and Order in this matter.

## OPINION

This matter comes before the Court for consideration of Defendant's Petition for Post Conviction Relief (PCRA). A hearing was held on September 5, 2014. This Petition is ready for disposition.

### PROCEDURAL BACKGROUND

The Criminal Complaint at 2011 CR 2684 was filed on November 1, 2011. The Complaint contained four counts: Criminal Conspiracy, 18 P.S. §901(a)(1), Possession with Intent to Deliver, 35 P.S. §780-113(a)(30), Criminal Use of Communication Facility, 18 P.S. §7512(a), and Possession of a Controlled Substance, 35 P.S. §780-113(a)(16). The Criminal Complaint at 2012 CR 680 was filed on February 28, 2012. It contains six counts: Possession with Intent to Deliver, 35 P.S. §780-113(a)(30), Dealing in Proceeds of Unlawful Activities,

#36

18 P.S. §5111(a)(1), Corrupt Organizations, 18 P.S. §911(b)(3), Corrupt Organizations, 18 P.S. §911(b)(4), Criminal Conspiracy, 18 P.S. §903, and Criminal Use of Communication Facility, 18 P.S. §7512(a).

Ms. Piner pled guilty and was sentenced on October 1, 2012. She was sentenced to one count of Possession with Intent to Deliver, one count of Criminal Conspiracy, and one count of Criminal Use of a Communication Facility at 2012 CR 680. All the remaining charges at 2012 CR 680 and all of the charges at 2011 CR 2684 were nol prossed and dismissed. Ms. Piner's sentence was 60-120 months plus 10 years of probation concurrent for Possession with Intent to Deliver and Conspiracy and 12 to 24 months concurrent for Criminal Use of a Communication Facility.

She filed a PCRA pro se on September 11, 2013. Counsel was appointed and an Amended PCRA was filed on June 13, 2014. An evidentiary hearing was held on September 5, 2014.

## FACTUAL BACKGROUND

Attorney Robert Lape was appointed to represent Ms. Piner on her criminal charges. Hearing Transcript (HT), page 3, lines 13-17. Ms. Piner discussed her case with Attorney Lape in Court and maybe one time at the jail. HT, page 3, lines 24-25, page 4, lines 1-3. Ms. Piner claimed she did not review the discovery provided by the Commonwealth other than listening to several wiretaps. HT, page 4, lines 12-24. Attorney Lape testified that he received several CDs containing the Commonwealth's discovery for the case. HT, page 33, lines 19-25. He also met with Ms. Piner at the District Attorney's

office to go over discovery and listen to the wiretaps. HT, page 34, lines 2-15. Senior Deputy Attorney General Dave Gorman testified that the discovery in all the Operation Last Call cases was made generally available to all the defendants and that they had several conferences with Attorney Lape and Ms. Piner to go over the discovery. HT, page 45, lines 16-25, page 46, lines 1-22.

Ms. Piner testified that Attorney Lape told her he was going to try to get three to ten years in prison. HT, page 5, lines 6-8. She thought Attorney Weeks (in the Blair County District Attorney's Office) agreed to that. HT, page 5, lines 7-8. Attorney Lape testified that the three year minimum was only offered if she would cooperate against others charged in "Operation Last Call," but she was unwilling to cooperate. HT, page 35, lines 13-24. At the time of sentencing Attorney Lape said it was five to ten years and Ms. Piner said she would not take it. HT, page 5, lines 9-10. She was told that she was looking at forty years on all the charges. HT, page 5, lines 11-15.

Before she came to court on the day of the guilty plea, Ms. Piner testified, she understood that her plea agreement was for three to ten. HT, page 5, lines 19-23. She was actually sentenced to five to ten. HT, page 5, lines 24-25, page 6, line 1. She said she pled guilty even though the sentence was longer than she thought it would be because Attorney Lape told her she was looking at forty-seven years. HT, page 6, lines 2-11. Attorney Lape told Ms. Piner that she would be subject to a mandatory sentence if she was convicted at trial. HT, page 6, lines 24-25, page 7, lines 1-2. Because of Ms. Piner's prior record

score her standard guideline range was above seven years. HT, page 44, lines 10-19.

Attorney Lape did not file any pre-trial motions. HT, page 7, lines 3-7. Ms. Piner claimed she asked him to file a motion to suppress the wiretaps because they did not contain evidence of her committing crimes. HT, page 7, lines 8-14. Attorney Lape testified that he and Ms. Piner agreed not to file pretrial motions for tactical reasons. He believed it would make dealing with the prosecutor more difficult and the intercepts in this case actually aided Ms. Piner's defense that she was seeking drugs for herself. HT, page 38, lines 4-18. Although Ms. Piner did not file any pre-trial motions regarding the non-consensual interceptions several other defendants did. HT, page 48, lines 3-25, page 49, lines 1-3. None of those challenges were successful. HT, page 49, lines 4-7.

Ms. Piner testified that Attorney Lape did not file any motions after she was sentenced either. HT, page 7, lines 18-22. Attorney Lape testified that Ms. Piner never asked him to help her withdraw her guilty plea. HT, page 38, lines 19-23. He would have explained to her that she only had thirty days to appeal at the time of the sentencing. HT, page 39, lines 1-17. Ms. Piner stated that she wrote to Attorney Lape and told him she wanted to appeal, but she never heard from him. HT, page 7, lines 23-25, page 8, lines 1-8.

Attorney Lape received a letter from Ms. Piner dated January 3, 2013 asking him to file an appeal. Commonwealth's Exhibit 8. The appeal period had already run when she made that request. HT, page 41, lines 5-10.

Attorney Lape did not think that an appeal would have had any merit because Ms. Piner's reasoning was that her sentence was too harsh compared to someone else. HT, page 41, lines 10-16.

Ms. Piner testified that at the time she pled guilty she indicated that she had not been treated for mental illness, however, she had been diagnosed with bipolar disorder, anxiety and panic disorder. HT, page 8, lines 17-25, page 9, lines 1-9. She also indicated during the colloquy that she was not on any medications, but she had taken Sinequan and Thorazine prior to her plea. HT, page 9, lines 10-18. Ms. Piner testified that she was worried the judge would not accept her plea if she answered yes to the questions. HT, page 10, lines 1-5. She testified that the medications made her feel like she was doped up. HT, page 11, lines 11-14.

Attorney Lape testified that Ms. Piner did not appear to be impaired in any manner during the plea process. HT, page 42, lines 1-2. She did not appear to have any trouble understanding him or her mother. HT, page 42, lines 3-13. She did not appear tired, dopey, or sluggish during the proceedings. HT, page 42, lines 14-17. Attorney Gorman indicated that he was present for the guilty plea and sentencing and had also interacted with Ms. Piner during the pretrial discovery conferences. HT, page 51, lines 14-24, page 52, lines 19-25. He was never concerned that she was acting dopey or sluggish. HT, page 52, lines 1-14. He was not concerned that she did not understand what was going on at the guilty plea and sentencing. HT, page 53, lines 5-8. If he had such a concern he would have advised the Judge that the

plea should not continue because it would affect its validity. HT, page 53, lines 9-20.

The letters sent to Ms. Piner from Attorney Lape show that he was attempting to negotiate for a three year minimum sentence. Commonwealth's Exhibit 2. The letters also show that once Kenneth Piner began cooperating with the Commonwealth, the possibility of getting three years was off the table. Commonwealth's Exhibits 3 and 4. In addition Attorney Lape advised that the Commonwealth now had additional discovery implicating Ms. Piner. Commonwealth's Exhibit 3. Attorney Lape advised that without cooperating the minimum she could get in a plea deal was five years. Commonwealth's Exhibit 4. Ms. Piner testified that she wanted to accept the five to ten year sentence because she wanted to avoid a much longer sentence of about forty-seven years. HT, page 29, lines 18-22.

## ANALYSIS

### *Alleyne* Issue

Ms. Piner has argued that her PCRA should be granted and her guilty plea withdrawn due to the fact that she was threatened with a mandatory minimum sentence. The mandatory minimum sentence that would have applied has now been held unconstitutional by *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151, 186 L.Ed. 2d 314 (2013). *Alleyne* has not been held to apply retroactively to cases on collateral review. *Com. v. Miller*, 2014 PA Super 214, ___ A.3d ___ (Pa. Super. 2014). Thus, Ms. Piner's argument based on *Alleyne* is without merit.

## Ineffective Assistance of Counsel

Ms. Piner argues that her counsel was ineffective in various respects. A petitioner seeking to prove ineffective assistance of counsel must show, by a preponderance of the evidence, 1) that the claim is of arguable merit, 2) that counsel had no reasonable strategic basis for his or her action or inaction, and 3) that, but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Com v. Kimball*, 555 Pa. 299, 724 A.2d 326, 333 (Pa. 1999).

Ms. Piner's first argument in favor of ineffective assistance of counsel is that Attorney Lape told her that her plea deal was 3 to 10 years as opposed to 5 to 10. She claims that when she protested to pleading to 5 years instead of 3, he told her she should take it because she would be found guilty.

The evidence bears out that 5 to 10 years was a good deal for Ms. Piner due to her prior record score and the fact that she would not agree to cooperate with the prosecution. Therefore, Attorney Lape was reasonable in his recommendation to her that she take the 5 to 10. It is not likely that Ms. Piner would have gotten a lower sentence if she had gone to trial and been found guilty. Given the amount of evidence against her and the cooperation of Kenneth Piner it was unlikely that Ms. Piner would have been acquitted. Thus, Attorney Lape was not ineffective in this regard.

Ms. Piner's second argument in favor of ineffective assistance of counsel is that Attorney Lape was ineffective because he failed to file a motion to suppress the wiretaps. In order to prevail on this claim Ms. Piner must prove

that the underlying motion had merit, that the basis for not filing the motion was inappropriate, and that the suppression of the evidence would have resulted in a "reasonable probability" that she would be acquitted.

Ms. Piner has not established all of these requisites. Attorney Lape credibly testified that he and Ms. Piner came to a decision not to file pre-trial motions for tactical reasons. Ms. Piner's main defense was that she was a drug user as opposed to a drug dealer. Attorney Lape believed that the evidence on the wiretaps tended to prove this defense. Therefore, there was a reasonable basis for the strategy of not filing a motion to suppress.

Where a decision of counsel was made based on a reasonable basis designed to effectuate the client's interests, counsel's assistance is constitutionally effective. *Com v. Hill*, 450 Pa. 477, 480, 301 A.2d 587, 590 (Pa. 1973). Therefore, Attorney Lape was not ineffective in this regard.

Ms. Piner's third argument in favor of ineffective assistance of counsel is that Attorney Lape was ineffective because he failed to file a motion to withdraw the guilty plea or file an appeal. Where there is an unjustified failure to file a requested direct appeal, ineffective assistance of counsel may be found. *Com. v. Lantzy*, 558 Pa. 214, 226-27, 736 A.2d 564, 572 (Pa. 1999). Before a Court will find ineffective assistance of counsel for failure to file a direct appeal, the petitioner must prove that he requested an appeal. *Com v. Touw*, 2001 PA Super 229, 781 A.2d 1250, 1254 (Pa. Super. 2001).

There was no evidence presented that Ms. Piner requested that Attorney Lape file a motion to withdraw her guilty plea. Even if she had, the motion

would not have been meritorious. When a defendant seeks to withdraw their plea of guilty after sentencing they must show prejudice on the order of manifest injustice before withdrawal is justified. *Com. v. Starr*, 450 Pa. 485, 490-91, 301 A.2d 592, 595 (Pa. 1973). A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently. *Com. v. Stork*, 737 A.2d 789, 790 (Pa. Super. 1999). In order to determine whether a plea was entered into involuntarily, unknowingly, or unintelligently, we examine the guilty plea colloquy.

The colloquy must inquire into the following areas: 1) the nature of the charges, 2) the factual basis of the plea, 3) the right to trial by jury, 4) the presumption of innocence, 5) the permissible range of sentences, and 6) the judge's authority to depart from any recommended sentence. *Com. v. Burkholder*, 719 A.2d 346, 349 n. 5 (Pa. Super. 1998). The totality of the circumstances surrounding the entry of the plea should be examined. *Com. v. Lewis*, 708 A.2d 497, 501 (Pa. Super. 1998). A defendant is bound by the statements which he makes during his plea colloquy and may not assert grounds for withdrawing the plea that contradict statements made when he pled guilty. *Com. v. Barnes*, 455 Pa. Super. 267, 275-76, 687 A.2d 1163, 1167 (Pa. Super. 1996).

Ms. Piner claims that she was on medication at the time of her guilty plea that rendered the plea unknowing. However, other witnesses who were present at the time of the plea indicated that she did not seem to be under the influence or impaired. Ms. Piner also claims that she just filled out the answers

on the guilty plea colloquy as Attorney Lape instructed her and that they were not her honest answers. However, Ms. Piner was also evaluated by the judge and colloquied on the record under oath at the time regarding her answers to the questions. She testified under oath that she was not under the influence of any substance. She may not assert being under the influence of medication as the grounds for withdrawing her plea. *Com v. Barnes, supra.*

Ms. Piner also testified that she wrote to Attorney Lape and asked him to file an appeal. Attorney Lape testified that he received a letter from Ms. Piner dated January 3, 2013 indicating that she wanted to file an appeal. The time in which she could have filed a direct appeal had already run when the letter was written. Attorney Lape testified that he told Ms. Piner at the time of sentencing that she had thirty days to appeal and the sentencing order also included a statement of post-sentence rights indicating as such. An appeal filed at the time Ms. Piner requested would have been untimely and therefore not meritorious.

For these reasons, Attorney Lape was not ineffective for failing to file a motion to withdraw the guilty plea or a direct appeal.

**Unlawfully Induced Guilty Plea**

Ms. Piner raises three issues in support of her argument that her guilty plea was unlawfully induced. All three of these issues have already been addressed above.

First, Ms. Piner argues that her plea was involuntary due to counsel's miscommunication of the plea agreement. As discussed above, counsel was

not ineffective for communicating a plea of 3 years instead of 5. In addition to the fact that accepting 5 years was a good deal for Ms. Piner due to her prior record score, Ms. Piner was given ample time and the ability to consult with counsel and her mother prior to making her final decision to take the plea.

Ms. Piner's second argument is that her plea was unlawfully induced by the threat of a mandatory sentence that was illegal under *Alleyne*. As discussed above, *Alleyne* does not apply retroactively to cases on collateral review.

Finally, Ms. Piner argues that her plea was unlawfully induced because she was medicated at the time. As discussed above, Ms. Piner is bound by the testimony given at the guilty plea hearing under oath. The Court found her plea to be voluntary, knowing, and intelligent. She specifically testified that she was not under the influence of anything that would affect her ability to take the plea. Several witnesses indicated that she did not appear to be impaired. This argument does not have merit.

For all the above reasons, we enter the following:

## ORDER

AND NOW, this _9th_ day of N~~ovember~~ December 2014, this matter having come before the Court for consideration of Defendant's Petition for Post Conviction Relief, it is hereby ORDERED, DIRECTED, and DECREED that the Petition is DENIED and DISMISSED.

BY THE COURT:

_____ J.