J-S39045-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LENNARD PAUL FRANSEN, | : | |
| | : | |
| Appellant | : | No. 274 EDA 2015 |

Appeal from the PCRA Order entered on January 12, 2015
in the Court of Common Pleas of Monroe County,
Criminal Division, No. CP-45-CR-0001492-2002

BEFORE:  BOWES, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JULY 16, 2015**

Lennard Paul Fransen ("Fransen") appeals from the Order denying his

Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").

**See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court set forth the relevant procedural history as follows:

> On May 3, 2004, [Fransen] was convicted by a jury of
> Criminal Homicide-murder in the first degree of Robert Sandt
> ["Sandt"]; Criminal Homicide-as an accomplice; and Criminal
> Conspiracy.  On July 20, 2004, [Fransen] was sentenced to life
> without parole.
>
> On July 29, 2004, [Fransen's] then-counsel Attorney
> [Brett] Riegel ["Attorney Riegel"] filed a Notice of Appeal.  On
> August 13, 2004, [trial court], through then President Judge
> Ronald E. Vican, directed [Fransen] to file a concise statement
> pursuant to Pa.R.A.P. 1925(b) within fourteen days.  On
> September 2, 2004, [Fransen] filed his [C]oncise [S]tatement.
> On October 13, 2006, the Superior Court affirmed the judgment
> of sentence on the grounds that [Fransen's Rule] 1925(b)
> statement was three days late and all claims therein were
> waived.  **Commonwealth v. Fransen**, 913 A.2d 940 (Pa.

Super. 2006) (unpublished memorandum); *see also* ***Commonwealth v. Fransen***, 986 A.2d 154, 155 (Pa. Super. 2009). On April 25, 2007, the Supreme Court of Pennsylvania denied [Fransen's] Petition for Allowance of Appeal. ***Commonwealth v. Fransen***, 921 A.2d 495 (Pa. 2007).

On April 3, 2008, [Fransen] filed his first *pro se* PCRA Petition, seeking to reinstate his appeal rights *nunc pro tunc*. On July 24, 2008, [the PCRA court] granted [Fransen's] PCRA Petition [, and reinstated his appeal rights] on the grounds that counsel failed to file a timely [C]oncise [S]tatement.

On August 12, 2008, [Fransen] filed a *pro se* Motion for a New Trial. On August 14, 2008, [the trial court] dismissed [Fransen's] Motion because of [the PCRA court's] July 24, 2008 Order reinstating [Fransen's] appellate rights.

On August 20, 2008, [Fransen] filed a Notice of Appeal, appealing [the trial court's] Sentencing Order, dated July 20, 2004. [The trial court] directed [Fransen] to file a concise statement within 21 days.

At some point before the Superior Court rendered a decision, [Fransen] filed a [*pro se*] "Motion to Withdraw Unrequested Counsel" with the Superior Court. ***See*** ***Commonwealth v. Fransen***, 986 A.2d 154, 155 (Pa. Super. 2009).

On appeal the Superior Court declined to reinstate [Fransen's] right to file post-sentence motions, emphasizing he may raise ineffectiveness claims in a second PCRA [petition]. ***Commonwealth v. Fransen***, 986 A.2d 154, 158 (Pa. Super. 2009). The Superior Court then remanded [Fransen's] case to [the PCRA court] to conduct a ***Grazier*** hearing, stating that after such determination, [Fransen] would have 30 days to file a notice of appeal *nunc pro tunc* pursuant to the [c]ourt's July 24, 2008 PCRA Order. ***Id.*** at 159.

Thereafter, [Fransen] withdrew his request to proceed *pro se*. In an Order dated February 12, 2010, [the trial court] appointed Attorney [Robin] Spishock ["Attorney Spishock] to represent [Fransen]. On March 12, 2010, Attorney Spishock filed a Notice of Appeal from [the trial court's] Sentencing Order.

[Fransen] filed a timely [C]oncise [S]tatement and [the trial court] filed a 1925(a) Opinion. On March 2, 2012, the Superior Court affirmed [the trial court's] judgment of sentence. **Commonwealth v. Fransen**, 42 A.3d 1100 (Pa. Super. 2012). A Petition for Allowance of Appeal was not filed.

On September 14, 2012, [Fransen] filed his second *pro se* PCRA [Petition]. On September 28, 2012, [the PCRA court] appointed Attorney [Bradley] Weidenbaum ["Attorney Weidenbaum"] to represent [Fransen]. Attorney Weidenbaum filed an Amended PCRA Petition. The Commonwealth timely filed an Answer and Response, respectively. A hearing was held on February 25, 2013. [Fransen], Attorney Riegel, and Attorney Spishock all testified regarding representation of [Fransen] at trial and on appeal. While up to eight claims were raised in [Fransen's] Amended PCRA Petition, only one was addressed in his brief. Consequently, [the PCRA court] only addressed that claim.

[Fransen] asserted that Attorney Spishock failed to preserve and perfect a Petition for Allowance of Appeal to the Supreme Court from the Superior Court's March 2, 2012 decision. In an Opinion and Order dated April 23, 2013, [the PCRA court] granted [Fransen's] Amended PCRA Petition and reinstated his right to file a Petition for Allowance of Appeal from the Superior Court's March 2, 2012 Order, *nunc pro tunc*.

[Fransen] filed his Petition for Allowance of Appeal with the Supreme Court on May 28, 2013. The Supreme Court denied [Fransen's] Petition on October 2, 2013. **Commonwealth v. Fransen**, 76 A.3d 538 (Pa. 2013).

On June 6, 2014, [Fransen] filed the present (his third) *pro se* PCRA Petition. On June 18, 2004, [the PCRA court] appointed Hillary Madden, Esq. ["Attorney Madden"] to represent [Fransen]. On August 13, 2014, Attorney Madden filed an Amended PCRA Petition. On August 25, 2014, the Commonwealth filed its Answer.

PCRA Court Opinion, 1/12/2015, at 1-4. The PCRA court held a hearing, and then issued an Order denying the Petition on January 12, 2014. Fransen filed a timely Notice of Appeal.

- 3 -

On appeal, Fransen raises the following question for our review: "Whether the [PCRA] court erred in finding [Fransen's] claim of ineffective assistance of counsel meritless based on its ultimate determination that [Attorney Riegel's] decision to refrain from calling a witness was reasonable." Brief for Appellant at 5.

> This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record.

*Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011) (citations and quotation marks omitted).

Fransen argues that Attorney Riegel was ineffective because he failed to call Teri Levanduski ("Levanduski") as a witness.[1] Brief for Appellant at 12-13. Fransen asserts that Levanduski was available to testify; Attorney Riegel knew of her existence; and she would have testified on Fransen's behalf. *Id.* at 13. Fransen and Levanduski exchanged letters, which discussed a "mission," and, Fransen claims, Levanduski would have testified that the "mission" was actually referring to his child support case in Florida,

---

[1] Levanduski was the common-law wife of Sandt, and Fransen's co-defendant in this case. Levanduski and Fransen were having an affair prior to Sandt's murder. Levanduski was convicted of murder in the first degree as an accomplice, conspiracy to commit murder in the first degree, hindering apprehension, and solicitation to commit murder in the first degree. *See Commonwealth v. Levanduski*, 907 A.2d 3, 7 (Pa. Super. 2006) (*en banc*). This Court affirmed Levanduski's judgment of sentence. *See id.* at 30.

- 4 -

not to murdering Sandt. *Id.* at 14-16. Fransen contends that the absence of this testimony prejudiced him because Levanduski was the only person who could testify as to the meaning of certain words in letters that the Commonwealth had used as evidence in his trial. *Id.* Fransen argues that Attorney Riegel's actions were not reasonable because during the PCRA hearing, Levanduski stated that she would have testified on Fransen's behalf, despite the advice from her lawyer. *Id.* at 13. Fransen also argues that Attorney Riegel could have questioned Levanduski before she took the stand to see if she would invoke her Fifth Amendment rights. *Id.* at 13, 19. Further, Fransen claims that Attorney Riegel's testimony that his strategy would have been different if he had received a statement from Levanduski saying that the word "mission" in the letters had a different meaning was unreasonable and irrational. *Id.* at 18.

To succeed on an ineffectiveness claim, the appellant must demonstrate by the preponderance of the evidence that

> (1) [the] underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Ali*, 10 A.3d 282, 291 (Pa. 2010). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *Commonwealth v. Martin*, 5 A.3d 165, 177 (Pa. 2010). Counsel is

presumed to be effective and the burden is on the appellant to prove otherwise. ***Commonwealth v. Hanible***, 30 A.3d 426, 439 (Pa. 2011).

To establish that counsel was ineffective for failure to call a witness, appellant must prove that

> (1) the witness existed; (2) the witness was available; (3) that counsel was informed of the existence of the witness or should have known of the witness's existence; (4) that the witnesses were available and prepared to cooperate and would have testified on [a]ppellant's behalf; and (5) the absence of the testimony prejudiced the [a]ppellant.

***Commonwealth v. Lawson***, 762 A.2d 753, 756 (Pa. Super. 2000).

Our review of the record discloses that Fransen's argument lacks merit because Attorney Riegel had a reasonable basis for his actions. At the PCRA hearing, Attorney Riegel conceded that he knew of Levanduski and that she was available. N.T., 9/19/2014, at 12. Attorney Riegel further testified that Levanduski's attorney had told him that he was not going to allow Attorney Riegel to speak with Levanduski, and that if Attorney Riegel subpoenaed Levanduski, she would invoke her Fifth Amendment rights on the stand. ***Id.*** at 13. Attorney Riegel also testified that he advised Fransen that it was not a wise idea to put Levanduski on the stand without having access to her beforehand to determine what she would say. ***Id.*** at 15; ***see also id.*** at 23 (wherein Attorney Riegel stated that, from his professional experience, he had three cases in which he called a witness to the stand that he had not previously spoken with, and in two of those three cases, it hurt his client's chances of acquittal). Attorney Riegel determined that based on his

judgment, given the evidence introduced at trial, including the love letters and statements to the police, calling Levanduski to testify would not serve Fransen's interests. *Id.* at 23-24.

Our conclusion is consistent with the PCRA court's determination that Attorney Riegel had a reasonable basis for not calling Levanduski as a witness. *See* PCRA Court Opinion, 1/12/15, at 13; *see also Commonwealth v. Lauro*, 819 A.2d 100, 106 (Pa. Super. 2003) (stating that if a reasonable basis exists for counsel's actions, then the inquiry ends and counsel's performance is deemed constitutionally effective). The PCRA court's determination is supported by the record and free of legal error, and Attorney Riegel cannot be deemed ineffective for failing to pursue a futile claim. *See Commonwealth v. Collins*, 616 A.2d 1012, 1015 (Pa. Super. 1992) (stating that "the trial court's refusal to allow a witness for the defense to take the stand was proper where the witness had been indicted for the same crime, and counsel had informed the trial court that the witness had been advised to invoke his Fifth Amendment privilege…"); *see also* Pa.R.P.C 4.2 (stating that "a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer…."); *Commonwealth v. Treadwell*, 911 A.2d 987, 991-92 (Pa. Super. 2006) (stating that counsel is not ineffective for failure to pursue

a futile claim).[2]

Based upon the forgoing evidence, we conclude that Attorney Riegel had a reasonable basis for not calling Levanduski as a witness. Accordingly, Fransen has not met his burden and his ineffectiveness claim fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/16/2015

---

[2] We note that the Commonwealth produced substantial forensic and physical evidence tying Fransen to the murder, testimony of multiple witnesses, evidence of the affair between Fransen and Levanduski, and evidence of their behavior after the murder.