J-S44043-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| TERRY LOUISE HOLMES, | : | |
| | : | |
| Appellant | : | No. 3819 EDA 2016 |

Appeal from the Order entered November 8, 2016
in the Court of Common Pleas of Montgomery County,
Criminal Division, No(s): CP-46-CR-0005569-2012

BEFORE: BENDER, P.J.E., SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED JULY 31, 2017**

Terry Louise Holmes ("Holmes") appeals from the Order denying her first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

In its Opinion, the PCRA court set forth the facts underlying the instant appeal, which we adopt for the purpose of this appeal. **See** PCRA Court Opinion, 1/26/17, at 1-5.

Briefly, the charges against Holmes arose from a claim of tenant fraud relevant to Holmes's residence in public housing administered by the Montgomery County Housing Authority ("MCHA"), and funded by the United States Department of Housing and Urban Development ("HUD"). It was alleged that Holmes improperly permitted Craig Holmes, Sr., and Craig Holmes, Jr., to reside with her and her daughters in public housing, and

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

misrepresented that fact to MCHA. Following a bench trial, Holmes was convicted of theft by unlawful taking, theft by deception, receiving stolen property, unsworn falsification to authorities and securing execution of documents by deception.[2] Prior to sentencing, Holmes retained new counsel. The trial court subsequently sentenced Holmes to three to twenty-three months of incarceration, followed by five years of probation. This Court affirmed Holmes's judgment of sentence. *Commonwealth v. Holmes*, 116 A.3d 675 (Pa. Super. 2014) (unpublished memorandum). Holmes did not petition for allowance of appeal to the Pennsylvania Supreme Court.

Holmes, through counsel, subsequently filed the instant timely PCRA Petition, her first. The PCRA court conducted a hearing on Holmes's Petition. On July 26, 2016, the PCRA court entered an Order denying the Petition. However, the following day, upon the agreement of the parties, the PCRA court vacated its July 26, 2016 Order and reopened the record, "pending further advice of counsel." PCRA Court Opinion, 1/26/17, at 6. Holmes, through counsel, submitted a letter to the Office of the District Attorney and the trial court, stating that her husband worked for the United States Postal Service from 2:00 a.m. to 10:30 a.m., with Sundays and Thursdays off. The PCRA court closed the record.

---

[2] *See* 18 Pa.C.S.A. §§ 3921(a), 3922(a), 3925(a), 4904(a), 4114(a).

On November 8, 2016, the PCRA court denied Holmes's Petition. Holmes filed a *pro se* Notice of Appeal, and a *pro se* entry of appearance that included the withdrawal of appearance of Holmes's PCRA counsel. The PCRA court subsequently appointed counsel to represent Holmes.[3]

Holmes now presents the following claim for our review:

WHETHER THE PCRA COURT ERRED IN CONCLUDING THAT [HOLMES] FAILED TO DEMONSTRATE TRIAL COUNSEL'S INEFFECTIVENESS IN FAILING TO OBTAIN AND PRESENT EVIDENCE AT TRIAL, WHICH WOULD HAVE CONTRADICTED THE TESTIMONY OF A KEY COMMONWEALTH WITNESS[,] WHEN [HOLMES] INFORMED TRIAL COUNSEL OF THE EXISTENCE OF THE EVIDENCE, AND REQUESTED THAT [COUNSEL] OBTAIN THE SAME?

Brief for Appellant at 4.

Holmes asserts that the PCRA court improperly denied her relief, based upon the fact that she did not present the testimony of her trial counsel, whom she alleged rendered ineffective assistance. *Id.* at 13. Holmes contends that the PCRA court disregarded her own testimony at the hearing. *Id.* Holmes asserts that at the hearing, she testified that her trial counsel repeatedly assured her that counsel would obtain the requested information. *Id.* When Holmes asked her counsel why he had not obtained the information, counsel provided no reason. *Id.* Holmes further asserts that counsel could have no reasonable basis for failing to present evidence that

---

[3] The PCRA court did not order Holmes to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal.

would have contradicted the Commonwealth's evidence that Craig Holmes, Sr., was witnessed leaving her apartment. ***Id.***

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Montalvo***, 114 A.3d 401, 409 (Pa. 2015) (citation and internal quotation marks omitted). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Treadwell***, 911 A.2d 987, 989 (Pa. Super. 2006).

In its Opinion, the PCRA court set forth the relevant law, addressed Holmes's claim, and concluded that it lacks merit. ***See*** PCRA Court Opinion, 1/26/17, at 6-7. We agree with the sound reasoning of the PCRA court, as set forth in its Opinion, and affirm on this basis with regard to Holmes's claim. ***See id.***

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/31/2017

- 4 -