J-S08035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MICHAEL SCULLEN, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| BRENDA TRITT | : | No. 1112 WDA 2015 |

Appeal from the PCRA Order June 23, 2015
in the Court of Common Pleas of Erie County,
Criminal Division, No(s): 821 and 824-2011

BEFORE: STABILE, DUBOW and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED MARCH 29, 2016**

Michael Scullen ("Scullen"), *pro se*, appeals from the Order denying his Application for *habeas corpus*, relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On February 16, 2011, Scullen entered the Bradley Shur-Fine grocery store in Erie, Pennsylvania carrying a sawed-off shotgun. N.T. (Guilty Plea), 9/1/11, at 9. Upon entering, Scullen pointed the shotgun at the head of a female clerk and stated, "Empty the register." *Id.* at 9-10. The clerk took money from the register and gave it to Scullen. *Id.* at 10.

On February 22, 2011, Scullen and three friends entered the Tops Friendly Market in Erie. *Id.* at 12. Scullen loaded the shotgun and, pointing it at a store-clerk's head, demanded that the clerk open the register. *Id.* Scullen gave the clerk a black bag in which to put the money. *Id.* At one

point, Scullen told the clerk, "Hurry the fuck up, bitch. You think I am playing?" *Id.* at 13.

Subsequently, police arrested Scullen and his accomplices. On September 11, 2011, Scullen entered an open guilty plea related to the two incidents. Specifically, Scullen pled guilty to two counts each of robbery, terroristic threats, possessing an instrument of crime, and prohibited offensive weapon, and one count each of criminal conspiracy (robbery) and receiving stolen property.[1] On October 19, 2011, the trial court sentenced Scullen to an aggregate prison term of 27-54 years. Scullen timely filed a post-sentence Motion, which the trial court denied. This Court affirmed Scullen's judgment of sentence. *Commonwealth v. Scullen*, 60 A.3d 853 (Pa. Super. 2012) (unpublished memorandum). Scullen did not petition for allowance of appeal to the Pennsylvania Supreme Court.

On August 12, 2013, Scullen filed his first Petition for relief pursuant to the PCRA. The PCRA court appointed counsel to represent Scullen. After appropriate Notice, the PCRA court, on October 25, 2013, denied Scullen's Petition, and granted counsel leave to withdraw from representation pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). This Court quashed Scullen's subsequent appeal as untimely filed.

---

[1] *See* 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 2706, 907(b), 908(a), 903, 3925.

- 2 -

***Commonwealth v. Scullen***, No. 165 WDA 2014 (Pa. Super. filed May 12, 2014).

On May 18, 2015, Scullen filed the instant *pro se* Application for *habeas corpus* relief. On June 1, 2015, the PCRA court issued Notice of its intention to deny Scullen's Application without hearing. In its Notice, the PCRA court stated that it considered Scullen's Application to be a request for relief filed pursuant to the PCRA. Scullen filed a Motion to reverse the PCRA court's treatment of his Application as a request for relief under the PCRA, which the PCRA court denied. On July 2, 2015, the PCRA court denied Scullen's Application as untimely filed, and not subject to any exception to the PCRA's timeliness requirements. Thereafter, Scullen filed a *pro se* Notice of Appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Scullen presents the following claims for our review:

1. Did the [PCRA] court abuse its discretion when it re-characterized [Scullen's Application] for [a] writ of *habeas corpus ad subjiciendum* as a PCRA[,] and dismissed the Petition as untimely?

2. Was the judgment entered at ***Com***[***monwealth v.***] ***Scullen*** … void *ab initio*, as the court lacked subject matter jurisdiction to impose any penalty whatsoever[,] because the statutes 18 Pa.C.S.A. §[§] 3701, 907, and 903 to not affix, warn, specify, nor authorize a penalty to be imposed upon their violations?

3. Did the [trial] court lack subject matter jurisdiction to accept [Scullen's] plea of guilt, when [Scullen] pled guilty to elements of an aggravated crime not specified in his [C]riminal [I]nformation?

Brief for Appellant at 1.

An appellate court's standard of review regarding an order denying a PCRA petition is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Kretchmar***, 971 A.2d 1249, 1251 (Pa. Super. 2009). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Treadwell***, 911 A.2d 987, 989 (Pa. Super. 2006).

Scullen first claims that the PCRA court improperly treated his Application for *habeas corpus* relief as a Petition for relief filed pursuant to the PCRA. Brief for Appellant at 6. Scullen argues that he has "a statutory and state constitutional right" to seek *habeas corpus* relief because he is time-barred from seeking PCRA relief, and there is no time bar to seeking *habeas corpus* relief. ***Id.*** at 6, 7. Scullen further asserts that a claim challenging the trial court's jurisdiction is not waivable, and can be raised at any time. ***Id.*** at 6.

In its Notice of Intent to Dismiss, the PCRA court correctly considered Scullen's Application as a claim for relief under the PCRA. ***See*** PCRA Court Notice of Intent to Dismiss, 6/1/1; ***see also*** 42 Pa.C.S.A. § 9542 (providing that the PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas*

*corpus* and *coram nobis.*"). Further, Scullen's claim that *habeas corpus* relief is available because a PCRA petition would be time-barred is without merit.[2]

As our Supreme Court has explained, "the General Assembly intended that claims that **could** be brought under the PCRA **must** be brought under that Act. No other statutory or common law remedy 'for the same purpose' is intended to be available; instead, such remedies are explicitly 'encompassed' within the PCRA." **Commonwealth v. Hall**, 771 A.2d 1232, 1235 (Pa. 2001) (emphasis in original). "[W]hile challenges to the legality of a defendant's sentence cannot be waived, they ordinarily must be raised within a timely PCRA petition." **Commonwealth v. Concordia**, 97 A.3d 366, 372 (Pa. Super. 2014). Thus, the PCRA court did not err in considering Scullen's claims within the context of the PCRA, and Scullen's claim in this regard lacks merit.

Scullen next claims that the trial court lacked subject matter jurisdiction and, accordingly, his judgment of sentence is void. Brief for Appellant at 8. In support, Scullen argues that Crimes Code Sections 3701, 907 and 903 do not specify the penalty to be imposed upon their violation, "or direct to where the penalty may lay." Brief for Appellant at 11.

---

[2] A PCRA petition must be filed within one year of the date the petitioner's judgment of sentence became final. 42 Pa.C.S.A. § 9545(b)(3). The one-year time limitation is jurisdictional, and a trial court has no power to address the substantive merits of an untimely petition. **Commonwealth v. Abu-Jamal**, 833 A.2d 719, 723-24 (Pa. 2003).

According to Scullen, this omission constitutes a violation of his rights pursuant to the 14th Amendment to the United States Constitution. *Id.* at 10.

Scullen's claim is cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2)(vii) (stating that to be eligible for relief under the PCRA, the petition must plead and prove that his conviction resulted from, *inter alia*, "[a] violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place[,] or "[a] proceeding in a tribunal without jurisdiction."). Because this claim is cognizable under the PCRA, it must be brought pursuant to the PCRA. *See Hall*, 771 A.2d at 1235. As Scullen's Application for relief is untimely and not subject to any of the statutory exceptions to the timeliness requirement, we are unable to grant him relief on this claim. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010) (explaining that, "if a PCRA petition is untimely, neither an appellate court nor a trial court has jurisdiction over the petition. Without jurisdiction, a court simply does not have the legal authority to address the substantive claims.").

Finally, Scullen claims that the trial court lacked subject matter jurisdiction to accept his guilty plea "when [he] pled guilty to elements of an aggravated crime not specified in his [C]riminal [I]nformation." Brief for

Appellant at 15. Scullen asserts that 42 Pa.C.S.A. § 9712 has been deemed unconstitutional," and that imposition of a sentence pursuant to that section was a part of his plea agreement. Brief for Appellant at 15 (citing **Alleyne v. United States**, ___ U.S. ___, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013)).[3] According to Scullen, because section 9712 "is an element of the offense, it must be specified in the criminal information." Brief for Appellant at 15. Because it was not, Scullen argues, the trial court lacked jurisdiction to accept his plea of guilt. **Id.** at 16.

Our review of the record discloses that Scullen did not raise this claim in his court-ordered Pa.R.A.P. 1925(b) Concise Statement and, accordingly, it is waived. **See Commonwealth v. Johnson**, 107 A.3d 52, 69 (Pa. 2014) (deeming waived an issue not included in an appellant's Pa.R.A.P. 1925(b) concise statement); **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) (holding that issues not raised in Rule 1925(b) concise statement are waived); **see also** Pa.R.A.P. 302(a) (stating that an issue cannot be raised for the first time on appeal).

Even if Scullen had properly raised this claim in his Concise Statement, as the law presently stands, we would conclude that he is not entitled to relief. As set forth above, Scullen concedes that his PCRA Petition is facially untimely. The PCRA provides an exception to the timeliness requirement

---

[3] In **Alleyne**, the United States Supreme Court held that "facts that increase mandatory minimum sentences must be submitted to the jury" and must be found beyond a reasonable doubt. **Alleyne**, 133 S. Ct. at 2163.

where "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States … after the time period provided in this section **and has been held by that court to apply retroactively**." 42 Pa.C.S.A. § 9545(b)(1)(iii) (emphasis added).

In ***Commonwealth v. Miller***, 102 A.3d 988 (Pa. Super. 2014), this Court stated that,

> [e]ven assuming that ***Alleyne*** did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that ***Alleyne*** is to be applied retroactively to cases in which the judgment of sentence had become final. This is fatal to [an a]ppellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases.

**Id.** at 995 (citations omitted) (emphasis supplied).

Here, Scullen's direct appeal had concluded prior to the filing to ***Alleyne***. According, Scullen's claim invoking ***Alleyne*** does not overcome the PCRA's time bar, or establish an exception to the PCRA's timeliness

- 8 -

requirement.[4]  As such, we are unable to grant him relief.

Order affirmed.


Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/29/2016

---

[4] In **Commonwealth v Hopkins**, 117 A.3d 247 (Pa. 2015), our Pennsylvania Supreme Court held that the portions of the mandatory minimum sentencing statutes that violate **Alleyne** are not severable.  **Id.** at 249.  However, the **Hopkins** court did not address the retroactivity of **Alleyne**.  We are aware that our Supreme Court has accepted allowance of appeal on the issue of whether **Alleyne** relates to the legality of sentence, stating as the issue follows:

> Whether a challenge to a sentence pursuant to **Alleyne** … implicates the legality of the sentence and is therefore non-waivable[?]

**Commonwealth v. Johnson**, 93 A.3d 806 (Pa. 2014).  At this time, however, the applicability of **Alleyne** on collateral review has not yet been addressed by our Supreme Court.