J-E01010-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTIAN AYBAR, | |
| Appellant | No. 1224 MDA 2014 |

Appeal from the PCRA Order Entered June 23, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0005201-2009

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., BOWES, SHOGAN, LAZARUS, MUNDY, OLSON, OTT, AND STABILE, JJ.

MEMORANDUM BY BENDER, P.J.E.:              **FILED JUNE 14, 2016**

Appellant, Christian Aybar, appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  Appellant challenges the legality of his sentence, as well as the effectiveness of his trial and direct appeal counsel.  After careful review, we vacate the order denying PCRA relief and remand for further proceedings consistent with this memorandum.

The following is a factual summary issued by this Court in the memorandum affirming Appellant's judgment of sentence on direct appeal:

> On the evening of November 4, 2009, [A]ppellant shot Cory Washington ("the victim") outside of [A]ppellant's house in West Reading, Pennsylvania.  The victim fled the scene.

---

[1] 42 Pa.C.S. §§ 9541-9546.

Appellant then called 911 at approximately 7:22 p.m. to report the shooting. While [A]ppellant was still speaking with the 911 operator waiting for the authorities to arrive, the West Reading police directed nearby officers investigating the reported shooting to [A]ppellant's location on the street outside of his house.

Detective Joseph M. Brown proceeded to pat down [A]ppellant for weapons. Appellant informed the detective at this time that he was carrying a weapon on his person; Detective Brown then confiscated a semiautomatic firearm from [A]ppellant. Appellant also told the officer "the gun used in the shooting was in his residence, and that he shot the person in self-defense."

At that time, [A]ppellant identified Cory Washington as the man he shot. After placing [A]ppellant in a police car, the officers proceeded to forcibly enter [A]ppellant's residence without a warrant. Detective Brown testified the purpose of entering the residence was to secure the victim [who was] believed [to] possibly [be] inside, and to prevent the possible destruction of the firearm involved in the shooting. At this point, the victim was actually in police custody in the nearby City of Reading. The officers on scene at [A]ppellant's apartment then proceeded to sweep the premises, and secure the residence until the arrival of the search warrants.

That initial search, and the subsequent search with a warrant, led to the recovery of a large quantity of evidence; the most relevant of which was a substantial quantity of marijuana, packaging material, scales, plastic bags, the Rossi .38-caliber revolver used to shoot the victim, and a portable safe holding recordkeeping materials inside.

On March 21, 2011, a jury trial commenced. Appellant was convicted on March 23, 2011[,] of the aforementioned crimes,[2] and was sentenced on April 29, 2011[,] to five-and-a-

_____

[2] Appellant was acquitted of two counts of aggravated assault, 18 Pa.C.S. §§ 2702(A)(1), (4). He was found guilty of one count of possession with intent to deliver a controlled substance (PWID), 35 Pa.C.S. § 780-113(a)(30); one count of possessing an instrument of crime (PIC), 18 Pa.C.S. § 907(a); two counts of simple assault, 18 Pa.C.S. §§ 2701(a)(1) and (2); one count of
*(Footnote Continued Next Page)*

half to seven years' incarceration plus five years' probation, in addition to an order of restitution for $16,633.17. The Commonwealth's restitution request was for the outstanding "medical bill owed to the Reading Hospital for the services received by Cory Washington."

On May 9, 2011, [A]ppellant filed a timely motion for post-trial relief seeking arrest of judgment, reconsideration of the court's pretrial suppression ruling or a judgment of acquittal under [Pa.R.Crim.P. 720(B)]. The trial judge vacated the initial sentence on May 11, 2011, pending a hearing on the post-trial motion. A hearing occurred on August 3, 2011, and on August 8, 2011, the trial court denied [A]ppellant's motion for post-trial relief. Also, on August 8, 2011, the sentences of April 29, 2011[,] along with the order for restitution were reinstated.

*Commonwealth v. Aybar*, No. 1540 MDA 2011, unpublished memorandum at 1-4 (Pa. Super. filed December 6, 2012) (citations to the record omitted).

Appellant filed a timely direct appeal with this Court, and we affirmed. *See id*. He did not file a petition for permission to appeal to our Supreme Court. On November 25, 2013, Appellant filed a timely PCRA petition, which the PCRA court dismissed on June 23, 2014. Subsequently, Appellant filed two duplicate *pro se* notices of appeal on July 21, 2014, and July 23, 2014, which were consolidated by the PCRA court. Appellant complied with the order to file a Pa.R.A.P. 1925(b) statement and, on August 21, 2014, the PCRA court issued its Rule 1925(a) opinion. On appeal, Appellant presents four issues for our review, which we paraphrase as follows:

*(Footnote Continued)* ─────────────

recklessly endangering another person (REAP), 18 Pa.C.S. § 2705; one count of possession of a controlled substance, 35 Pa.C.S. § 780-113(a)(16); and one count of possession of drug paraphernalia, 35 Pa.C.S. § 780-113(a)(32).

1. Whether the trial court erred in denying Appellant's PCRA petition where Appellant's right to a jury trial was violated because the mandatory sentencing factor was not determined by the fact-finder beyond a reasonable doubt.

2. Whether the court erred in denying Appellant's PCRA petition where all prior counsel were ineffective for failing to litigate a motion to suppress and/or failing to properly preserve this issue for a PCRA petition.

3. Whether trial and appellate counsel were ineffective for failing to challenge the sufficiency of the evidence with regard to the PWID, REAP, and PIC convictions because the Commonwealth did not prove that Appellant exercised constructive possession over the items.

4. Whether trial and appellate counsel were ineffective for failing to challenge the sentence in this matter with regard to the excessiveness of the sentence imposed.

*See* Appellant's Brief, at 5.

After Appellant and the Commonwealth filed their briefs, this case was certified for *en banc* review by this Court, acting *sua sponte*, in relation to the first issue above. ***See*** Order, 10/26/15, at 1-2. Specifically, the parties were directed to answer the question: "Whether the PCRA petitioner is entitled to relief when he raises, in a timely PCRA petition, a claim that his sentence is illegal pursuant to ***Alleyne v. United States***, ___ U.S. ___, 133 S.Ct. 2151 (2013), and ***Commonwealth v. Newman***, 99 A.3d 86 (Pa. Super. 2014) (*en banc*)?" ***Id.*** at 1. Subsequently, Appellant filed an Amended Brief on December 16, 2015, and the Commonwealth filed a Substituted Appellee's Brief on January 6, 2016.

"Our standard of review for an order denying post-conviction relief looks to whether the PCRA court's determination is supported by the record

- 4 -

and whether it is free of legal error." ***Commonwealth v. Treadwell***, 911 A.2d 987, 989 (Pa. Super. 2006) (citations omitted). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Id***.

For ease of disposition, we address Appellant's claims out of the order in which they were presented. We begin with Appellant's ineffective assistance of counsel claims.

### Failure to Suppress and Preserve a Suppression Claim

Appellant argues that trial and/or direct appeal counsel were ineffective for failing to file and subsequently preserve a suppression claim regarding the seizure of evidence during the warrantless search of Appellant's home.[3] To make out a successful ineffectiveness claim, a defendant must plead and prove that his counsel's performance was deficient and that the deficient performance prejudiced the defense. ***Commonwealth v. Reaves***, 923 A.2d 1119, 1127 (Pa. 2007) (citing ***Strickland v. Washington***, 466 U.S. 668 (1984)); ***Commonwealth v.***

_____

[3] Although the PCRA court deemed this issue waived based on Appellant's failure to raise the issue on direct appeal, Appellant claims that, because collateral matters are reserved for PCRA petitions, the issue is not waived. ***See Commonwealth v. Stollar***, 84 A.3d 635, 651-52 (Pa. 2014). We agree; Appellant was not obligated to raise an ineffectiveness claim on direct review and, therefore, he has not waived the claim due to direct appeal counsel's failure to raise it. Nevertheless, despite the PCRA court's error in this regard, "[w]e may affirm a PCRA court's decision on any grounds if it is supported by the record." ***Commonwealth v. Burkett***, 5 A.3d 1260, 1267 (Pa. Super. 2010).

*Pierce*, 786 A.2d 203, 213 (Pa. 2001) (articulating that an ineffective assistance of counsel claim must show that (1) the underlying claim is of arguable merit; (2) counsel's performance lacked a reasonable basis; and (3) the ineffectiveness of counsel caused the petitioner prejudice). Here, in order to demonstrate prejudice, Appellant must show a reasonable probability that, had counsel challenged the evidence, the results of the trial would have been different. *Commonwealth v. Spotz*, 84 A.3d 294, 312 (Pa. 2014).

Our review of Appellant's claim is potentially inhibited due to the procedural history of this case. The PCRA court rejected this claim based on its conclusion that Appellant had waived this matter by not raising it in his direct appeal. The court explains:

> Initially, [Appellant] argues that he is entitled to PCRA relief under 42 [Pa.C.S.] § 9543(a)(2)(ii) based on pretrial counsel's failure to file a timely suppression motion. The Court believes that [Appellant] has waived this issue by abandoning it on [direct] appeal. "To be eligible for [PCRA] relief...the petitioner must plead and prove by a preponderance of the evidence...that the allegation of error has not been previously litigated or waived." 42 [Pa.C.S.] § 9543(a)(3). "[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 [Pa.C.S.] § 9544(b).
>
> Because the Court addressed the issue of pretrial counsel's alleged ineffectiveness in denying [Appellant]'s motion for post trial relief, [Appellant] had the obligation to raise and pursue this issue on direct appeal. The general rule is that "a defendant 'should wait to raise claims of ineffective assistance of trial counsel until collateral review.'" *Commonwealth v. Bomar*, 826 A.2d 831, 853 (Pa. 2003) (quoting *Commonwealth v. Grant*, 813 A.2d 726, 738 (Pa. 2002)). However, an exception

has been recognized whereby a defendant can raise claims of ineffectiveness of counsel on direct review where said claims were presented to and addressed by the trial court. **Bomar**, 813 A.2d at 853-55.

[Appellant]'s motion for post trial relief raised the issue of pretrial counsel's ineffectiveness for failing to file a timely suppression motion. In fact, [Appellant]'s motion specifically requested that the Court hold a hearing to address this issue, which the Court did on August 3, 2011. (N.T., Post Sentence Motion Hearing, 8/3/11).

…

By denying the [Appellant]'s motion for post trial relief, the Court addressed the issue of pretrial counsel's effectiveness. [Appellant] raised this issue in his Concise Statement. However, [Appellant] failed to present this issue in his appellate brief. (**See** Superior Court Memorandum, dated December 6, 2012, filed March 26, 2013, at 4). Thus, [Appellant] abandoned consideration of his ineffective assistance issue and the issue is considered waived for purposes of the PCRA.

PCRA Court Memorandum Opinion, 8/25/14, at 8-9 (incorporating the PCRA court's Pa.R.Crim.P. 907 Order and Notice of Intent to Dismiss).

Appellant asserts that the claim has not been waived because he was not required to raise the collateral matter of counsels' ineffectiveness on direct appeal. We agree.

In **Commonwealth v. Stollar**, 84 A.3d 635 (Pa. 2014), the defendant raised ineffectiveness claims during the penalty phase of his capital trial. The trial court held a hearing and ultimately disposed of them. When appellant attempted to challenge the denial of those claims in his subsequent direct appeal, under the auspices of the **Bomar** exception to **Grant**, our Supreme Court dismissed them without prejudice to the

defendant's ability to raise them on collateral review. ***Stollar***, 84 A.3d at 652. The ***Stollar*** Court stated:

>     For more than ten years, this Court has applied the rule that claims of ineffectiveness of counsel must be raised on collateral review, not on direct appeal. ***See*** []***Grant***, [] 813 A.2d [at] 738[]. However, an exception arose under our case law premised upon the supposition that when the relevant ineffectiveness claims have been properly raised and preserved in the trial court, the trial court holds a hearing on those claims, and the trial court addresses the merits of the claims in a subsequent opinion, these ineffectiveness claims may be reviewed on direct appeal pursuant to the so-called "***Bomar*** exception." ***See Commonwealth v. Rega***, 593 Pa. 659, 933 A.2d 997, 1018 (2007); []***Bomar***, []826 A.2d [at] 853–55[.]
>
>     Significant criticisms of the extent of the use of the "***Bomar*** exception" raised questions concerning the appropriateness of its continued viability. Those questions have now been definitively answered in our recently filed case, ***Commonwealth v. Holmes***, ––– Pa. ––––, 79 A.3d 562 (2013). Specifically, we relevantly held in that case:
>
> > ***Grant***'s general rule of deferral to PCRA review remains the pertinent law on the appropriate timing for review of claims of ineffective assistance of counsel; we disapprove of expansions of the exception to that rule recognized in ***Bomar***; and we limit ***Bomar***, a case litigated in the trial court before ***Grant*** was decided and at a time when new counsel entering a case upon post-verdict motions was required to raise ineffectiveness claims at the first opportunity, to its pre-***Grant*** facts. We recognize two exceptions, however, both falling within the discretion of the trial judge. First, we appreciate that there may be extraordinary circumstances where a discrete claim (or claims) of trial counsel ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice; and we hold that trial courts retain their discretion to entertain such claims. [ ]
> >
> > Second ... where the defendant seeks to litigate multiple or prolix claims of counsel ineffectiveness, including non-

record-based claims, on post-verdict motions and direct appeal, we repose discretion in the trial courts to entertain such claims, but only if (1) there is good cause shown, and (2) the unitary review so indulged is preceded by the defendant's knowing and express waiver of his entitlement to seek PCRA review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA.

*Id.* at 563–4.

*Stollar*, 84 A.3d at 651-52 (footnote omitted).

Instantly, the trial court relied on the *Bomar* exception when it concluded that Appellant abandoned an ineffectiveness claim he ostensibly could have raised on direct appeal. As detailed above, the *Bomar* exception is no longer applicable in so far as it departs from the dictates of *Holmes*. Furthermore, there is nothing in the record that indicates satisfaction of *Holmes*' requirements so as to permit review of Appellant's ineffectiveness claim on direct appeal. Thus, we reject the trial court's conclusion that Appellant waived his suppression-related ineffectiveness claims by failing to raise them in his direct appeal. Appellant cannot be faulted for failing to litigate a claim on direct appeal when he was not permitted to do so.

Despite the PCRA court's error in this regard, "[w]e may affirm a PCRA court's decision on any grounds if it is supported by the record." *Burkett*, 5 A.3d at 1267. Accordingly, we turn to consider Appellant's suppression-related ineffectiveness claim(s). As to Appellant's claim that his direct appeal counsel was ineffective for failing to litigate this claim on direct appeal, we conclude that claim is meritless. As Appellant did not comply

with **Holmes** when he litigated his suppression-related ineffectiveness claim via a post-sentence motion, his direct appeal counsel would not have been permitted to raise that claim. Consequently, direct appeal counsel's failure to raise trial counsel's ineffectiveness on direct appeal did not prejudice Appellant, as Appellant is permitted to raised trial counsel's ineffectiveness via his current PCRA petition.

As to Appellant's claim that trial counsel was ineffective for failing to file a suppression claim on his behalf, we note that we lack the lower court's analysis of this claim. Although the trial court held a post-sentence motion hearing, at which trial counsel testified regarding why he failed to file a suppression motion, the trial court did not issue an opinion specifically addressing that claim when it collectively denied Appellant's post-sentence motions without any specific comments regarding the court's rationale for doing so. **See** Order (Denying Post-Sentence Motions), 8/8/11, at 1-2. Furthermore, although Appellant did raise the suppression-related ineffectiveness claim in the Rule 1925(b) statement that he filed on direct appeal, the trial court's Rule 1925(a) opinion dismissed that claim as "waived and without merit" because direct appeal counsel failed to provide a transcription of the post-sentence motion hearing. **See** Trial Court Rule 1925(a) Opinion, 10/31/11, at 12. Moreover, as noted above, the PCRA court did not review Appellant's suppression-related ineffectiveness claim beyond its incorrect waiver analysis.

However, this Court can ascertain from the now-available transcript of the post-sentence motion hearing, and from elsewhere in the certified record, that the trial court determined, and we agree, that Appellant satisfied the arguable merit prong of his ineffectiveness claim.[4] We can also

_____

[4] The trial court granted a post-sentence motion hearing premised on the fact that there appeared to be "sufficient information" that would have justified trial counsel's filing a timely suppression motion, such that it "put[] at issue the effectiveness of counsel in not filing … a timely motion to suppress." N.T., 8/3/11, at 4-5. Similarly, in the order denying Appellant's attempt to file an untimely suppression motion, the trial court stated: "it's clear to the [c]ourt that the Probable Cause Affidavit contained information which arguably could form a basis for a [m]otion to [s]uppress…." Order, 2/8/11, at 1 (single page).

We agree that the arguable merit prong is satisfied. It is not in dispute that the police required exigency to enter Appellant's home without a warrant, and there is no evidence of record indicating that Appellant consented to the entry. Indeed, Appellant's testimony at the post-sentence motion hearing was wholly inconsistent with having consented to the search, as is the fact that the police sought and acquired a search warrant after the initial search. Thus, at issue in any motion to suppress would have been whether there was the requisite exigency to justify the police's entering Appellant's home without a warrant.

The Commonwealth asserts the applicable exigent circumstance was that the police believed Appellant's victim or victims might have been in Appellant's home when they entered without a warrant. If the police could reasonably believe that a person inside the residence was in need of immediate aid, the warrantless search is excused. *See Commonwealth v. Davido*, 106 A.3d 611, 625 (Pa. 2014) (holding a warrantless entry was justified by exigency when police possessed a "reasonable belief that a victim would be found inside who needed immediate police assistance").

However, the Commonwealth's claim of exigency is inconsistent with the fact that Appellant self-reported the shooting and told the police that the victim had fled the scene in a gold van. N.T., 8/3/11, at 19. Clearly, this fact could have undermined the Commonwealth's ability to meet their
*(Footnote Continued Next Page)*

ascertain from the record that the prejudice prong of Appellant's suppression-related ineffectiveness claim is easily satisfied because, had his suppression claim been granted, it would be nearly impossible for the Commonwealth to have moved forward with the drug-related charges. Thus, the only issue in dispute is whether trial counsel had a reasonable basis for not filing a suppression motion on Appellant's behalf.

At the post-sentence motion hearing, trial counsel, Daniel Emkey, Esq., stated that he did not file a suppression motion on Appellant's behalf because Appellant specifically directed him not to do so.  N.T., 8/3/11, at 9. Emkey claimed that the district attorney had offered favorable plea terms that would have been taken off the table if Appellant filed a suppression motion.  Emkey claimed that Appellant told him not to file a suppression motion in order to preserve that offer.  Emkey also stated that he had advised Appellant that a motion to suppress was unlikely to be successful because he believed that exigency – in this case the need to search for injured victims – justified the warrantless entry.  *Id.* at 8.

_(Footnote Continued)_ _____

burden to establish exigency at a suppression hearing.  If the police had no reasonable belief that the sole victim was still in the immediate vicinity of Appellant's home, and/or no reasonable belief that there were multiple victims of the shooting, then the initial search of Appellant's home was conducted in the absence of exigent circumstances.  Moreover, the yield of the subsequently obtained warrants, warrants based on the discovery of contraband during the warrantless search, would also be suppressible as fruit of the poisonous tree.

However, there is no evidence of record supporting Emkey's claim that any plea deal had been offered by the Commonwealth, nor is there any evidence of record indicating that any such plea deal was conditional upon Appellant's declining to file a suppression motion. *Id.* at 21. Moreover, Appellant's testimony directly contradicted Emkey's. Appellant stated that he raised the matter of the police's warrantless entry into his home from the very first discussion with his attorney. *Id.* at 43. Subsequently, Appellant "mentioned to him about the suppression hearing at least four, five, six times, maybe more." *Id.* at 47. Appellant also stated:

> [Emkey] would give me two different reasons why not to file one. The first reason was because he assumed what the police would say, and they would back each other up. And the second reason was because he claimed that I had shot [the victim] in the back and that the DA said that if I fight the case, that he … was going to amend attempted murder to my charges.

*Id.*

Regarding Emkey's testimony, Appellant was asked, "did you ever tell him not to file a suppression motion?" *Id.* at 48. He answered, "[n]ever." *Id.* Appellant was also asked: "Did you ever tell him you would take a plea to the charges?" *Id.* He answered: "Never." *Id.*

Clearly, the reason for counsel's failure to file a suppression motion, and the reasonableness of that inaction, is dependent on the credibility of Appellant's and Emkey's respective testimonies as they relate to the evidence of record. Unfortunately, no such credibility determinations have been made; at least, no such credibility determinations have been

- 13 -

documented by the lower court. As such, we cannot determine whether Appellant is entitled to relief without further input from the PCRA court. Accordingly, we vacate the order denying Appellant's PCRA petition and remand for a determination of whether trial counsel had a reasonable basis for his failure to file a suppression motion on Appellant's behalf and, if necessary, to hold a hearing to assist in that determination.

### *Sufficiency of the Evidence*

Appellant also contends that his trial and direct appeal counsel were ineffective in failing to challenge the sufficiency of the evidence. We begin with the first prong of the ineffectiveness test: whether there is arguable merit to the underlying sufficiency claims. A sufficiency claim alleges that the evidence admitted at trial failed to establish all the elements of a crime beyond a reasonable doubt. *See Commonwealth v. Mobley*, 14 A.3d 887, 889-890 (Pa. Super. 2011).

Here, Appellant posits that a common element to PWID, REAP, and PIC, is the exercise of constructive possession over the items. *See Commonwealth v. Chenet*, 373 A.2d 1107 (Pa. 1977). Constructive possession is a judicially created doctrine that permits an inference of control over illegal items, although actual possession at the time of arrest cannot be shown. *Commonwealth v. Vargas*, 108 A.3d 858, 868 (Pa. Super. 2014). Appellant submits that this element was not satisfied, and that in not raising the issue before the trial court or on appeal, his trial and direct appeal counsel were ineffective.

This is not a situation where mere presence at a scene established conscious dominion over items. *Cf. Commonwealth v. Fortune*, 318 A.2d 327, 328 (Pa. 1974). Rather, the theory of the defense's case never disputed possession, as Appellant admitted control directly. The element of constructive possession of the items was established by Appellant's own testimony when he stated that the marijuana was his and that he intended to sell a portion of it to a friend. N.T., 3/22/11, at 398, 412-416. Constructive possession, in regard to the firearm, was established when Appellant testified that he shot the victim with the gun that was found in his apartment. *Id*. at 296.

As such, the underlying sufficiency claim is without merit; therefore, this claim fails. Accordingly, we conclude that the PCRA court's denial of Appellant's PCRA petition on this ground is supported by the record and free of legal error.

### Challenge to the Discretionary Aspects of the Sentence

Appellant also claims that trial counsel was ineffective for failing to challenge the discretionary aspects of his sentence and, likewise, that his direct appeal counsel was ineffective for failing to raise that claim on direct appeal. Appellant believes that "the trial court did not give proper weight to his lack of criminal history, family history, family background[,] and facts in the case when" it sentenced Appellant "to the extra year imposed by the court to run consecutively to the flat five year mandatory sentence on the PWID" charge. Appellant's Brief, at 28-29.

- 15 -

Challenges to the discretionary aspects of sentencing are reviewed for abuse of discretion. *See Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007). When reviewing for an abuse of discretion in sentencing, we apply the following standards:

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. *Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra*, *supra* at 912-13.
>
> ***
>
> An allegation that the sentencing court failed to consider certain mitigating factors generally does not necessarily raise a

substantial question. ***Commonwealth v. McNabb***, 819 A.2d 54, 57 (Pa. Super. 2003). ***Accord Commonwealth v. Wellor***, 731 A.2d 152, 155 (Pa. Super. 1999) (reiterating allegation that sentencing court "failed to consider" or "did not adequately consider" certain factors generally does not raise substantial question). ***Compare Commonwealth v. Felmlee***, 828 A.2d 1105, 1107 (Pa. Super. 2003) (*en banc*) (stating substantial question is raised, however, where appellant alleges sentencing court imposed sentence in aggravated range without adequately considering mitigating circumstances).

"When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant." ***Commonwealth v. Griffin***, 804 A.2d 1, 10 (Pa. Super. 2002), *appeal denied*, 582 Pa. 671, 868 A.2d 1198 (2005), *cert. denied*, 545 U.S. 1148, 125 S.Ct. 2984, 162 L.Ed.2d 902 (2005). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." ***Id.*** Where the sentencing court had the benefit of a presentence investigation report ("PSI"), we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Devers***, 519 Pa. 88, 101-02, 546 A.2d 12, 18 (1988). ***See also Commonwealth v. Tirado***, 870 A.2d 362, 368 (Pa. Super. 2005) (stating if sentencing court has benefit of PSI, law expects court was aware of relevant information regarding defendant's character and weighed those considerations along with any mitigating factors). Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code. ***See Commonwealth v. Cruz-Centeno***, 447 Pa.Super. 98, 668 A.2d 536 (1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (stating combination of PSI and standard range sentence, absent more, cannot be considered excessive or unreasonable).

Although Pennsylvania's system stands for individualized sentencing, the court is not required to impose the "minimum possible" confinement. ***Walls***, ***supra*** at 570, 926 A.2d at 965. Under 42 Pa.C.S.A. § 9721, the court has discretion to impose sentences consecutively or concurrently and, ordinarily, a challenge to this exercise of discretion does not raise a substantial question. ***Commonwealth v. Pass***, 914 A.2d 442, 446-47 (Pa. Super. 2006). The imposition of consecutive, rather

than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment. *Id.* (holding challenge to court's imposition of sentence of six (6) to twenty-three (23) months imprisonment and sentence of one (1) year probation running consecutive, did not present substantial question). *Compare* [*Commonwealth v. Dodge*, 957 A.2d 1198 (Pa. Super. 2008)] (holding imposition of consecutive sentences totaling 58½ to 124 years['] imprisonment for thirty-seven (37) counts of theft-related offenses presented a substantial question because total sentence was essentially life sentence for forty-two year-old defendant who committed non-violent offenses with limited financial impact).

*Commonwealth v. Moury*, 992 A.2d 162, 170-72 (Pa. Super. 2010).

Instantly, Appellant complains that his consecutive sentence was imposed without consideration of certain factors which he believes should have served to mitigate his sentence. This is, on its face, not a substantial question for our review, *McNabb*, *supra*, particularly since Appellant has failed to identify where his sentence falls within the guideline recommendations. *Compare Felmlee*, *supra*.

Moreover, Appellant does not identify which consecutive sentence he is challenging. Appellant states that he is challenging a sentence of one year imposed consecutively to his mandatory sentence for PWID; however, we see no evidence of record that Appellant is serving such a sentence. Apart from Appellant's mandatory sentence, the certified record shows that Appellant is serving a concurrent sentence of 1-12 months' incarceration for drug paraphernalia, a consecutive sentence of 6-24 months for REAP, and a consecutive term of 5 years' probation for PIC. Assuming that Appellant is

challenging his consecutive sentence for REAP, we can emphatically state that we do not view such a sentence as "unduly harsh," nor does Appellant present "extreme" circumstances for our consideration. **Pass**, **supra**. Appellant was convicted for unjustly shooting the victim, which caused substantial injuries that required hospitalization. A sentence of 6-24 months' incarceration for such a crime is patently reasonable, especially since Appellant was not separately sentenced for his convictions for simple assault. Thus, the trial court did not abuse its discretion at sentencing with respect to that offense. Accordingly, even if Appellant presented a substantial question, his claim would be deemed meritless. As such, there is no arguable merit to the claims that trial and/or direct appeal counsel were ineffective for failing to challenge the discretionary aspects of Appellant's consecutive sentence.

### *Illegal Sentence*

Finally, because of our disposition in this matter, we decline to address Appellant's legality of sentencing issue at this time, despite having certified this case for *en banc* review on that basis. If Appellant is awarded a new trial based on the claim compelling remand in this case, Appellant's illegal sentencing claim will be rendered moot. If Appellant is again denied relief on that claim, however, Appellant is permitted, without prejudice, to re-raise the illegal sentencing claim in a subsequent appeal.

Order ***vacated***.    Case ***remanded*** for further proceedings consistent with this memorandum.  Jurisdiction ***relinquished***.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/14/2016