J-S04030-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                         :   PENNSYLVANIA
                                         :

                v.                    :
                                         :
                                         :

WILLIAM SMITH                      :
                                         :

             Appellant       :   No. 1595 EDA 2020

Appeal from the PCRA Order Entered July 17, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0004759-2015

BEFORE:   BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:          **FILED FEBRUARY 24, 2022**

William Smith (Appellant) appeals from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we quash.

On September 20, 2017, a jury convicted Appellant of rape of a child and related offenses.  On March 29, 2018, the trial court sentenced Appellant to an aggregate 21 to 45 years in prison.  On April 9, 2018, Appellant filed a post-sentence motion, and after being granted leave of court, a supplemental

_____

[*] Former Justice specially assigned to the Superior Court.

post-sentence motion on May 3, 2018. The trial court denied the motions on September 7, 2018.[1] Appellant did not file a direct appeal.

On October 4, 2019, Appellant, through privately retained counsel, filed a "Praecipe for Entry of Adverse Order." Appellant claimed, "the order allegedly mailed by a judicial secretary on September 7, 2018, was never 'entered' within the meaning of the rules of criminal and appellate procedure." Praecipe for Entry of Adverse Order, 10/4/19, at 1, n.2. Appellant requested the court "prepare sign and enter as an adverse order the denial by operation of law of [Appellant's] ... post-sentence motion." *Id.* at 1.

That same day, Appellant filed a notice of appeal from the March 29, 2018 judgment of sentence. The appeal was docketed in this Court at 3158 EDA 2019.

On October 7, 2019, Appellant filed the PCRA petition underlying this appeal. Appellant described the petition as "prophylactic," and stated he was filing it "solely as an argument in the alternative." PCRA Petition, 10/7/19, at 1. Appellant requested the PCRA court "take no action on this petition as long as his direct appeal is pending in any court[.]" *Id.*

---

[1] The judge who presided at trial retired prior to Appellant's sentencing in March 2018. On July 24, 2018, the newly assigned judge granted Appellant's motion for an extension of time to decide the timely post-sentence motions due to the unavailability of the trial transcripts. *See* Order, 7/24/18; *see also* Pa.R.Crim.P. 720(B)(3)(b).

On June 8, 2020, the court filed a notice of intent to dismiss the PCRA petition pursuant to Pa.R.Crim.P. 907. The court noted Appellant had "a pending appeal (3158 EDA 2019) which necessarily includes the same issue you seek to raise in your petition: adequacy of notice of denial of your post-sentence motions, as relates to the timeliness of your appeal from the judgment of sentence." Pa.R.Crim.P. 907 Notice, 6/8/20. Appellant filed a response on July 6, 2020, maintaining that the PCRA petition was filed "as a precautionary measure before the statute of limitations ran." Response to Rule 907 Notice/Objection to Dismissal, 7/6/20, at 1. On July 13, 2020, the PCRA court dismissed the petition, citing the Rule 907 notice. Order, 7/13/20, n.1. This appeal followed.[2]

On January 28, 2021, this Court issued a rule to show cause as to why this appeal should not be dismissed given the pendency of Appellant's direct appeal. Order, 1/28/21. Appellant filed a response on February 8, 2021. On February 12, 2021, we quashed Appellant's direct appeal (3158 EDA 2019) as untimely. *Commonwealth v. Smith*, 2021 WL 531055, at *7 (Pa. Super. Feb. 12, 2021) (unpublished memorandum), *appeal denied*, 265 A.3d 194 (Pa. 2021). On February 19, 2021, we discharged the rule to show cause and referred the issue to this panel.

---

[2] The court did not order a Rule 1925(b) statement. On September 8, 2020, it issued a "Letter in lieu of Opinion," citing the footnote in its order dismissing the PCRA petition.

Appellant presents the following question:

When direct appeal is pending, but it cannot yet be known how the appellate courts will ultimately rule on the timeliness of that appeal, and a timely protective PCRA petition is filed, is it error for the protective PCRA petition to be dismissed (even without prejudice) because the PCRA statute has been held not to be tolled by an untimely direct appeal?

Appellant's Brief at 1-2.

In reviewing an order denying PCRA relief, we determine whether the order is supported by the evidence and free of legal error. **Commonwealth v. Kretchmar**, 971 A.2d 1249, 1251 (Pa. Super. 2009). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Treadwell**, 911 A.2d 987, 989 (Pa. Super. 2006).

Appellant does not address the central issue in this case — whether Pennsylvania law requires the dismissal without prejudice of a PCRA petition filed during the pendency of a direct appeal. **See** Appellant's Brief at 4-7. Instead, Appellant argues that because Pennsylvania law "require[s] dismissal of an untimely PCRA petition[] filed after an untimely direct appeal eventually gets dismissed," this Court should adopt the "stay and abey [*sic*] procedure" used in federal courts for premature *habeas corpus* petitions. **Id.** at 5. Appellant claims "it would be too late now to file a PCRA petition seeking reinstatement of [his] appellate rights; it is therefore imperative that this

- 4 -

[C]ourt reverse the common pleas determination dismissing the PCRA petition[.]"[3] *Id.* at 6.

The Commonwealth agrees with the PCRA court "that it lacked jurisdiction over the petition while the appeal was pending." Commonwealth Brief at 7. However, it avers, "under the specific and unusual circumstances of this case, it would not oppose a remand for further proceedings to determine whether ineffective assistance of counsel deprived [Appellant] of review." *Id.*

A PCRA petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). Further, Section 9545 provides:

> For purposes of this subchapter, **a judgment becomes final at the conclusion of direct review, including discretionary review** in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b)(3) (emphasis added).

In *Commonwealth v. Smith*, 244 A.3d 13 (Pa. Super. 2020), the appellant filed a PCRA petition while his direct appeal was pending in the Pennsylvania Supreme Court. *Id.* at 16. Despite the pending appeal, the

---

[3] Appellant ignores his role in rendering his direct appeal "too late." His judgment of sentence became final on October 8, 2018, when the 30-day appeal period expired. 42 Pa.C.S.A. § 9545(b)(3). Appellant had one year from that date to timely file a PCRA petition. Instead, Appellant filed an untimely appeal and the underlying premature PCRA petition.

PCRA court held the PCRA petition in abeyance and considered it filed on the date the Supreme Court denied *allocatur*. **Id.** We concluded this was error:

> It is well-settled that "[a] PCRA petition may only be filed after an appellant has waived or exhausted his direct appeal rights." **Commonwealth v. Leslie**, 757 A.2d 984, 985 (Pa. Super. 2000). Indeed, "[t]he PCRA provides petitioners with a means of collateral review, but has no applicability until the judgment of sentence becomes final." **Commonwealth v. Kubis**, 808 A.2d 196, 198 n.4 (Pa. Super. 2002). Furthermore, this Court has explained: **"If a petition is filed while a direct appeal is pending, the PCRA court should dismiss it without prejudice towards the petitioner's right to file a petition once his direct appeal rights have been exhausted."** **Commonwealth v. Williams**, 215 A.3d 1019, 1023 (Pa. Super. 2019) (citation omitted); **see also Commonwealth v. Seay**, 814 A.2d 1240, 1241 (Pa. Super. 2003) (concluding appellate court was required to quash appeal from denial of PCRA relief when petitioner's direct appeal was still pending because properly filed notice of direct appeal was never received by Superior Court prothonotary).
>
> …. Once an appeal is filed, a trial court has no jurisdiction to proceed further in the matter, absent limited exceptions not applicable here. **See** Pa.R.A.P. 1701(a). Accordingly, the PCRA court should have promptly quashed Appellant's petition because it was filed while his direct appeal was pending in the Supreme Court. The fact that the PCRA court declined to do so is of no consequence. "In the PCRA context, statutory jurisdiction cannot be conferred by silence, agreement or neglect." **Commonwealth v. Ballance**, 203 A.3d 1027, 1033 (Pa. Super. 2019) (citation omitted), **appeal denied**, 216 A.3d 1044 (Pa. 2019).

**Smith**, 244 A.3d at 16-17 (emphasis added).

The **Smith** decision is binding. **See Commonwealth v. Alston**, 212 A.3d 526, 529, n.4 (Pa. Super. 2019) (citation omitted) ("this Court is bound by existing precedent and continues to follow controlling precedent unless it is overturned by our Supreme Court."). Thus, we discern no error by the

PCRA court in dismissing Appellant's PCRA petition without prejudice. *See Smith*, *supra*.

We further disagree with the Commonwealth's suggestion that, in the spirit of *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021), we remand for the "PCRA court to determine whether PCRA counsel was ineffective." Commonwealth Brief at 9. In *Bradley*, our Supreme Court recognized "a PCRA petitioner may, after a PCRA court denies relief, and **after obtaining new counsel or acting *pro se***, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." *Bradley*, 261 A.3d at 401 (footnote omitted, emphasis added). However, *Bradley* did not address Appellant's situation, where Appellant was represented by the same attorney in the PCRA and appellate proceedings. It is well-settled that an attorney cannot raise a claim of his or her own ineffectiveness. *Commonwealth v. Lesko*, 15 A.3d 345, 360 (Pa. 2011).

Accordingly, we lack jurisdiction and are constrained to quash.

Appeal quashed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

Date: _2/24/2022_